MOUND CITY PAINT & COLOR COMPANY, Plaintiff in Error, v. SHOOTING THE CHUTES COMPANY et al., Defendants in Error.

St. Louis Court of Appeals, April 29, 1898.

1. **Instruction**: OPINION OF THE COURT NOT AN INSTRUCTION. The plaintiff in error refers to the written opinion of the court in its motion for a new trial as an instruction. This is not an instruction.

2. **Bill of Exceptions**: RECORD: PRACTICE, APPELLATE. The opinion of the court is not a part of the record, and can not be made a part of the record, even though incorporated in the bill of exceptions.

*Writ of Error from the St. Louis City Circuit Court.* HON. L. B. VALLIANT, Judge.

AFFIRMED.

D. P. DYER and HORACE L. DYER for plaintiff in error.

It will be seen from the transcript and foregoing statement that the only question arising in the case is that presented by the opinion and decision of the circuit judge. Supposing the testimony offered by the plaintiff be true (and for the purposes of this case the defendant must concede its truth), does the case fall within the statute of frauds? We think that it does not. We do not concede the correctness or binding force of the case of Rottmann v. Pohlmann, but even if we should, the two cases are not parallel by any means.

A. A. Paxson for defendant in error.

No instruction having been asked or given and no exception saved, there is nothing for this court to review. Harrington v. Minor, 80 Mo. 270; Tyler v. Larimore, 19 Mo. App. loc. cit. 458; Ford v. Cameron, 19 Mo. App. loc. cit. 470; Schlicker v. Gordon, 19 Mo. App. loc. cit. 486; Cunningham v. Snow, 82 Mo. loc. cit. 593; Wood v. Land, 22 Mo. App. 427. Notwithstanding the brief "opinion" of the court is embodied in the bill of exceptions, yet not having been treated as a declaration of law by the court in the motion for new trial, can not now be considered on appeal. This court is precluded from considering same. Ray v. Thompson, 26 Mo. App. 431; Fields v. Baum, 35 Mo. App. 511; Lemoine v. Cook, 36 Mo. App. 193; Atkison v. Dixon, 96 Mo. 582.

BLAND, P. J.—Plaintiff brought its suit against the defendants in error on an account for $285.71, for paints and oils sold and delivered to Shooting the Chutes Company on the credit of the other defendant, Louis Mette. The suit was begun before a justice of the peace. About the time the suit was instituted the defendant Shooting the Chutes Company made a general assignment for the benefit of its creditors, and plaintiff dismissed as to it. A trial in the justice's court resulted in a judgment for the defendant, from which it appealed to the circuit court, where, upon a trial *de novo* before the judge of the court without a jury, judgment was again rendered for the defendant. A motion for new trial was filed in due time, which was overruled, and plaintiff filed its bill of exceptions, and afterward sued out a writ of error by which the record was brought to this court. No exceptions to the admission or rejection of testimony were saved at

the trial, and no declarations of law were asked or given. The court, however, rendered the following written opinion in passing on the case:

"This case, in my judgment, falls within the provisions of the statute of frauds and is almost identical with Rottmann v. Pohlmann, 28 Mo. App. 399. Judgment affirmed."

The plaintiff in error refers to this written opinion of the court in its motion for a new trial as an instruction. This is not an instruction; to call it one is a misnomer. It expresses the opinion of the court as to the law of the case, but it is not an instruction, and is no part of the record, Lawver v. McLean, 10 Mo. App. 591, and can not be made a part of the record, even though incorporated in the bill of exceptions. Mead v. Spalding, 94 Mo. 43.

There is nothing in the record for this court to review, and the judgment is affirmed. All concur. Judge BIGGS concurs in the result.