Mead v. Spalding.

---

## MEAD, *Plaintiff in Error*, v. SPALDING.

1. Practice : TRIAL OF ACTIONS AT LAW BY COURT. In actions at law, tried by the court without a jury, it is just as essential that instructions should be given or refused, in order to enable the appellate court to review the action of the trial court, as it is in like cases tried with the aid of a jury.

2. ———— : FINDING OF FACT. In such actions, whether tried by the court, or with the aid of a jury, where no instructions are asked or refused, the finding of the trial court as to the facts, where the evidence is conflicting, is binding upon the appellate court.

3. ———— : OPINION OF TRIAL COURT. The written opinion of the trial court, when incorporated in the bill of exceptions, forms no part of the record, and will not take the place of instructions, and will not be looked to to find how the disputed facts were found.

4. Husband and Wife : AGENCY. The husband may be the agent of the wife, but such agency must be clearly established.

5. ———— : ————. The finding of the trial court that such agency existed, as to the transactions involved in this case, held to have been justified by the evidence.

*Error to St. Louis City Circuit Court.*—HON. A. M. THAYER, Judge.

AFFIRMED.

*G. M. Stewart* for plaintiff in error.

(1)  The title to the note described in the petition was vested in plaintiff by virtue of Revised Statutes, 1879, section 3296, and this title was never surrendered to or vested in her husband.    (2)  There is no evidence that plaintiff, directly or by implication, ever authorized her husband to hypothecate, exchange, or sell the note. Mead's statements to that effect were incompetent. *Golson v. Ebert*, 52 Mo. 260 ; Wharton on Agents and Agency (Ed. 1876), sec. 163.   Any agency that can be inferred from the evidence did not warrant the sale, exchange, or hypothecation of the note, and the plaintiff is not bound by the acts of the assumed agent.    *Brady v. Todd*, 9 C. B. (N. S.) 592 ; Story on Agency (8 Ed.) sec. 126, *et seq.; Tate v. Evans*, 7 Mo. 419 ; *Goodman v. Simons*, 19 Mo. 117 ; *State v. Bank*, 45 Mo. 538 ; *Graham v. Insurance Company*, 46 Mo. 186 ; *Adams Express Company v. Reno*, 48 Mo. 264 ; *Chouteau v. Filley*, 50 Mo. 174 ; *Greenwood v. Burns*, 50 Mo. 52 ; *Buckwalter v. Craig*, 55 Mo. 71 ; *Wheeler v. Given*, 65 Mo. 89, 94 ; *Sims, Ex'r, v. U. S. Trust Co.*, 9 N. E. Rep. 605 ; *King v. Spears*, 1 South. Rep. 266.   The plaintiff was a married woman, and much more cogent evidence of authority is required to establish agency.    *Eystra v. Capelle*, 61 Mo. 578 ; *Rowell v. Klein*, 44 Ind. 290, 293 ; *McLaren v. Hall*, 26 Iowa, 297, 305 ; 2 Bishop's Law of Married Women (1 Ed.), secs. 396, 397 ; 2 Cond. Legal and Eq. Rights of Married Women (2 Ed.) sec. 1307, *et seq.; Carver v. Carver*, 53 Ind. 244 ; *Atwater v. Underhill*, 22 N. J. Eq. 599 ; *Dean v. Bailey*, 50 Ill. 483. (3)  Whether defendant did or did not know of the marriage of plaintiff with A. W. Mead, when he took this note, is not put in issue by the pleadings.    It is admitted by the defendant that she was married, and that he knew it when he took the note.    Marriage is a

public fact. *Antrim v. Buckingham*, Cases in Chan. 17; *Montague v. Carneal*, 1 Marshall, 353; Parson's Part. (3 Ed.) p. 26. (4) The note was overdue when Mr. Mead took it from the bank and when he hypothecated it with defendant, and was merely a chattel to which defendant could acquire no title other than that possessed by Mr. Mead, even had he not known (as he states in his answer that he did) the true owner when he took it. *Marcal v. Millich*, 18 La. An. 223; *Ashurst v. Bank,* Ames' Cases on Bills and Notes, 773; *Brown v. Davis,.* *Ib.* 745–747; *Kellog v. Schnake,* 56 Mo. 136.

*Hermann & Reyburn* for defendant in error.

(1) A husband can act as agent for his wife, and though it may require more cogent proof to establish. such agency, still, when once proven, all the rules governing agency control the agency of the husband. *Eystra v. Capelle*, 61 Mo. 580; *Rodgers v. Bank*, 69 Mo. 562; *Morrison v. Thistle*, 67 Mo. 596; Kelley, Contracts of Married Women, chap. 6, pp. 179, 180; *Baum v. Mullen*, 47 N. Y. 577; *Truman v. Allen*, 15 Hun (22 N. Y.) 4. (2) In regard to her separate estate, the married woman enjoys the same rights and is subject to the same liabilities as a *femme sole*. *Frank v. Lillenthal*, 33 Grat. 377; *Larassar v. Washburn*, 50 Wis. 202; *Walter v. Limogy*, 26 La. An. 324; *Adams v. Mills*, 38 N. Y. Sup. Ct. (6 Jones & Spencer), 25.

BLACK, J.—On the twenty-first of May, 1874, the plaintiff, then Caroline S. Cranston, a widow lady, through A. W. Mead, loaned to Stubblefield, three thousand dollars, for which she received the note of the latter for that amount, payable in two years to the order of Million, and by him endorsed in blank, the note being secured by a deed of trust on real estate. Mead had been her agent in loaning money before, and continued

to act in that capacity after the date of this loan. The note before mentioned was renewed twice, first on the twenty-fourth of May, 1876, for two years, and again on the twenty-first of May, 1878, for three years. Both renewals were endorsed upon the note, the first being signed by Mead as agent for plaintiff, and the second by "A. W. Mead." The note was deposited with the Third National Bank on the twenty-third of November, 1878, where the plaintiff kept an account. She married Mead in April, 1879 ; and in the following July, the bank turned the note over to A. W. Mead, on her written order, signed "Mrs. C. S. Cranston." In November, 1879, the defendant loaned Mead one thousand dollars, and received from him the three thousand dollar note as security. In January, 1880, the defendant made the further loan of five hundred dollars ; and in March, 1880, he made a further advance to Mead on the same security, which, with those before made, amounted to the face of the note. These advances not having been paid, defendant collected the amount due on the three thousand dollar note. Mead died in August, 1882, and thereafter the plaintiff brought this suit to recover the amount collected by the defendant, alleging that the note was her property, and that the defendant wrong-fully, tortiously, and without her consent obtained pos-session of the same. The court, the cause having been tried without a jury, found the issues for the defendant, and the case is here on a writ of error sued out by the plaintiff.

The answer is, first, a general denial, and then it sets up in substance that Mead had full power to collect the interest and to discount, or hypothecate, the note. There is a further allegation that defendant purchased the note in good faith, and without any notice that Mead did not have any authority to deal with the note from the owner ; that the note bore the plaintiff's written endorsement ; and that she thereby put it in the

power of Mead to commit a fraud on defendant, and that she should bear the loss, even if Mead did not have her consent to the disposition of the note.

The case, as made by the pleadings, is one at law, and no instructions having been asked or given there is but a single question before us for consideration, and that is, whether there is any evidence to support the general finding for the defendant. In these actions at law, tried by the court without a jury, it is just as essential that instructions should be given or refused, in order to enable us to review the action of the court, as it is in like cases tried with the aid of a jury. In either case, we must look to the instructions given, and the verdict or finding of the court, to see how the disputed questions of fact were resolved, and to the instructions, given and refused, to see upon what theory of law the cause was tried. We have no more right to determine disputed questions of fact in these suits when tried by the court, than we have when tried with the aid of a jury. In either case, the finding as to the facts on conflicting evidence is binding upon this court. *Altum v. Arnold*, 27 Mo. 264; *Easley v. Elliott*, 43 Mo. 289; *Harbison v. School District*, 89 Mo. 184.

Counsel for the plaintiff in error seem to suppose we will look to the written opinion of the trial court to learn how the disputed facts were found. We find no such opinion in the transcript. Even if incorporated in the bill of exceptions, it would be no part of the record. Such opinion cannot be made to take the place of instructions, or a finding of facts given as an instruction. The opinion of the trial court may be cited and used in the consideration of the case presented by the record, and in that respect is often of great value to us; but it is no part of the record upon which the case must be determined in this court. We have said this much because we are constantly asked to look to the opinion of the trial court as a substitute for instructions,

or as in aid of instructions given; and such requests have been as often disregarded.

There can be no doubt but the husband may be the agent of the wife, though the agency must be clearly established. *Eystra v. Capelle*, 61. Mo. 580; *Rodgers v. Bank*, 69 Mo. 562. In this case Mead was the agent of the plaintiff before and after their marriage; of this there is no question. The question of fact is as to the extent of that agency. The evidence tends to show that Mr. Mead collected the interest on this note for four years before the defendant acquired it. Plaintiff ordered the bank to deliver the note to him. The note bore the unrestricted endorsement of "Mrs. Caroline S. Cranson," and it was a negotiable note, not overdue when defendant received it; for the time of payment had been extended. Mead dealt with another of plaintiff's notes for twelve hundred dollars, and hypothecated the same with the defendant, in substantially the same way that he did the one in question, and of this she seems to have been well informed. Mead was without means, and it appears that the proceeds of the note in question were, in part at least, used in paying house-rent and other family expenses. In making these transactions with defendant, Mr. Mead professed to be acting for a lady friend, the marriage not being disclosed either by him or her. From this evidence and the facts before stated, the court might well have found that Mr. Mead was authorized by her to hypothecate or sell the note. It is true the plaintiff's evidence has a tendency to prove a want of such authority; but as the case now stands we are only concerned in knowing that the evidence sustains a finding that he did have such power, for this is one of the issues made in the case. With this conclusion the judgment will be affirmed.

It may be, as contended by the defendant, that as the plaintiff clothed Mr. Mead with outward power to

hypothecate or dispose of the note, and defendant dealt with him with no knowledge of any restrictions upon those powers, that she, and not the defendant, should bear the loss if, in fact, Mead exceeded the authority given him; but as there is evidence from which it may be fairly inferred that he did not exceed his powers, it is not necessary to consider this question.

The judgment is affirmed. All concur, except Sherwood, J., who was not present at the reading of this opinion.