BRINSON-JUDD GRAIN COMPANY, Appellant, v. C. BECKER, Respondent.

St. Louis Court of Appeals, November 1, 1898.

1. **Conflicting Testimony:** REVIEW OF FINDING. When the evidence is conflicting the appellate court will not review the finding of the trier of the fact.

2. **Practice, Trial.** Under section 2135 of the revision of 1889, it is the duty of the trial court, upon a request for such finding, to state the constitutive facts in issue, and to state also separately the conclusions of law thereon, in order that proper exceptions might be taken.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

AFFIRMED.

H. M. POLLARD for appellant.

Under and by the terms of the sale the delivery was to be made to the M. & O. Railroad at East St. Louis, and when that delivery was made the title passed to the defendant, notwithstanding the goods were to be weighed by the defendant. The supreme court in the case of Cunningham v. Ashbrook, 20 Mo. 553, held that "The principle that, in a sale of goods, no title passes while any act, such as counting, weigh-

ing or measuring, remains to be done by the seller, is only applicable when such act is necessary to separate the goods from a large mass; and does not apply to the sale upon fixed terms by weight to be subsequently ascertained, of goods already separated, in which case the title passes by delivery; and as a consequence the loss by a destruction of the goods, after they are delivered and before they are weighed, will fall upon the buyer." The same doctrine is also enunciated in Bass v. Walsh, 39 Mo. 192, and in Ober v. Carson, 62 Mo. 209. Our supreme court in State v. Wingfield, 115 Mo. 437, held that "The general rule is that where the goods have been delivered to a common carrier for transportation to the purchaser, the delivery to the common carrier, passes the title. (Citing several cases.) To the same purport is Meyer Bros. Drug Co. v. McMahon, 50 Mo. App. 25; Toney v. Goodley, 57 Mo. App. 235; Benjamin on Sales, Edition of 1888, Bennett's Notes, says, par. 181: "It is well settled that the delivery of goods to a common carrier *a fortiori* to one especially designated by the purchaser for conveyance to him, or to a place designated by him, constitutes an actual receipt by the purchaser. In such cases the carrier is in contemplation of law the bailee of the person to whom, not by whom the goods are sent." Sedgwick v. Collingham, 54 Iowa, 512, was a case where the plaintiff sold the defendant a car load of wheat to be shipped to the place named and delivered on the track, when it was to be taken from the car by defendant, weighed by him, and to be paid for according to his weight. The wheat arrived at the station, was placed upon a side track, and there destroyed by fire before the weighing. The court held that the delivery was complete and the buyer was liable for the price. So, having made at least an undisputed *prima facie* showing that the cars were full when delivered to

defendant, the plaintiff was entitled to a verdict. Our supreme court in Smith v. Harris, 53 Mo. 557, held that the court must find the facts and that the finding of his conclusion was not sufficient. That was a case where the question of fraud was investigated and the court said that the circumstances which constitute the fraud, and the relations of the plaintiff to the land and to one West are the facts to be found. To the same purport are, Murdock v. Finney, 21 Mo. 138; Downing v. Boulier, 21 Mo. 150; Sutter v. Street, 21 Mo. 159. * * *

LUBKE & MUENCH for respondent.

The argument is now sought to be advanced by appellants that the court below should have found against respondent, because there is no proof that the shortage of wheat, which must be admitted to have occurred, was caused before the cars reached the hands of the Mobile & Ohio Railroad in East St. Louis. We answer that the finding of the trial court is as conclusive as would be that of a jury. The issue was squarely presented by appellant's own declarations of law. By these, the court was asked to, and did, rule that defendant was responsible in this case for so much wheat, and so much only, as the court should be satisfied from the evidence was delivered to that railroad in East St. Louis. Appellant did not ask the court to declare that any presumptions, conclusive or otherwise, resulted from the loading at the shipping point of a larger quantity, nor that the defendant had upon himself the burden of disproving any *prima facie* case. The law was declared by the court exactly as appellant submitted it. What more could be asked? It was unnecessary, therefore, for appellant to cite authorities here, showing that the legal rules laid down in those

declarations are correct ones. But when it is contended now that plaintiff had made a *prima facie* case which it was necessary for defendant to rebut, we answer that the presumptions do not arise as appellant thinks.

BOND, J.—Plaintiff sues for a balance due on two car loads of wheat sold to defendant upon a contract to deliver to a carrier at East St. Louis, billed to Red Bud, Illinois, to be paid for according to weights taken by defendant at point of destination. Plaintiff had judg- ment in the justice's court. On appeal to the circuit court the case was tried by the court without a jury. All of plaintiff's instructions were given, and a verdict and judgment rendered in defendant's favor. Plaintiff appealed to this court.

The first error assigned is, that the finding should have been for the plaintiff. It is quite true that the evidence adduced by plaintiff tended to prove that all the wheat charged for was contained in the cars when they were delivered according to contract on board the connecting carrier at East St. Louis, but the inferences naturally deducible from defendant's evidence tended to negative the effect of the testimony for plaintiff. This conflict in the evidence prevents any review of the finding of the trier of the fact. Moreover the burden of proof was upon plaintiff in the first instance, and the express contract was, that the price to be paid should be determined by the weight of the grain as as- certained by defendant, and the testimony for defend- ant was undisputed that the weight taken by him showed a shortage answering to the amount for which this action was instituted. Plaintiff having thus left to defendant the practical ascertainment of the price of the product sold, is in no position to complain of a finding upon substantial evidence that all the grain

received by defendant has been paid for. The point is therefore ruled against appellant.

The second assignment of error relates to the findings of fact made by the court. Under section 2135 of the revision of 1889, it was clearly the duty of the trial court, upon a request for such finding, to state the constitutive facts in issue, and to state also separately the conclusions of law thereon, in order that proper exceptions might be taken. Cochran v. Thomas, 131 Mo. loc. cit. 268. The finding in this case is not clear, explicit or full on the points in issue, but a consideration of it as a whole in connection with the inferences fairly arising from the facts stated, discloses a sufficient basis to support the judgment. The findings do recite the terms of the contract of sale; the fact of the delivery of the goods, and the dispute as to the contents of two cars only, and inferentially that there was a shortage in the contents of these cars at the point of delivery in East St. Louis. We can not therefore hold that the findings do not recite facts essential to support the judgment. It will therefore be affirmed. All concur.