## LESAN ADVERTISING COMPANY, Respondent, v. BEN T. CASTLEMAN, Appellant.

### St. Louis Court of Appeals, June 4, 1912.

1. **JURISDICTION: Over Person: Lack of, Waived by Appearance.** A defendant waives an objection to the lack of jurisdiction over his person by appearing, answering and going to trial on the merits after his motion to quash the summons and dismiss the suit is overruled.

2. **TRIAL PRACTICE: Judgment: Not Supported by Special Findings: Appellate Practice.** Where the court makes a special finding of facts, a judgment not supported by it is erroneous and will be reversed as for error apparent on the record.

3. **STATUTE OF FRAUDS: Sales: Agreements within Statute.** An agreement by which a party was to make a number of drawings of an article for another, the title to which was not to vest in the latter until they were completed and delivered, was within the Statute of Frauds (section 2784, Revised Statutes 1909).

4. ———: ———: **Burden of Proof.** Where a defendant, sued for the purchase price of goods, pleads that the agreement for the sale is void, under the Statute of Frauds, it is incumbent on the plaintiff to prove compliance with the statute, in order to recover.

5. **TRIAL PRACTICE: Judgment: Not Supported by Special Findings: Statute of Frauds.** Where, in an action for the agreed price of drawings, made by plaintiff for defendant, the court found specially that an agreement for the purchase of the drawings had been made, but did not find that any memorandum in writing was made, that anything was given in earnest or in part payment, or that the buyer received and accepted a part of the drawings, as required by the Statute of Frauds (section 2784, Revised Statutes 1909), a judgment for the seller was unsupported by the finding, since it was necessary for plaintiff to prove compliance with the statute, and the special finding, being silent on this matter, is to be regarded as a finding against plaintiff on it.

*Held,* by REYNOLDS, P. J., dissenting, that the court's opinion shows defendant accepted the drawings.

6. **STATUTE OF FRAUDS: Sales: Delivery: Sufficiency of Evidence.** A finding that plaintiff, who had agreed to make and deliver to defendant a completed article, exhibited it to defendant, who made no objection to it, but asked plaintiff to retain it, because he was not ready to proceed further at that time, shows at most an offer to deliver, and does not show a sufficient receipt and acceptance by defendant under the Statute of Frauds (section 2784, Revised Statutes 1909). [REYNOLDS, P. J., dissents.]

7. **TRIAL PRACTICE: Time: Fraction of Day.** Where the trial court's record entry shows that its finding of facts was filed on the day that judgment was rendered, such finding cannot be disregarded on the ground it was filed after delivery of the judgment.

8. **———: Special Findings: Made Without Request: Judgment: Not Supported by Findings.** Although section 1972, Revised Statutes 1909, requires the trial court to make a special finding of facts only when requested to do so, yet, where the court, without request, made a finding of facts, which was not a mere memorandum of opinion but which was designated by the court in its record entry and was treated by the parties in their original briefs on appeal as a finding, it had all the force of a special finding, and hence a judgment not supported by it should be reversed.

*Held*, by REYNOLDS, P. J., dissenting, that the act of the court in filing an opinion on the facts was a voluntary act, not made upon the request of counsel, and hence not a finding of facts under the statute (section 1972, Revised Statutes 1909). *Held, further*, that, even if it was a finding, no exceptions were saved to it and it was not assailed by a motion for a new trial; that it was not of record in the case; that it cannot be tested by the evidence, since the evidence was not preserved by a bill of exceptions; and that the finding and judgment are not, in themselves, fatally defective, but are within the pleadings, and are not open to attack by motion in arrest of judgment or motion for judgment *non obstante veredicto*.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer*, Judge.

REVERSED AND REMANDED. CERTIFIED TO SUPREME COURT.

*Ben T. Castleman* for appellant.

*Robt. W. Hall* for respondent.

STATEMENT.—This action was brought before a justice of the peace of the city of St. Louis, to recover $84.50 for five "wash drawings" made to order for the defendant.

Upon appeal to the circuit court the defendant moved to quash the summons and dismiss the suit on the ground that the justice had acquired no jurisdiction of the person. This motion was overruled and the defendant duly excepted. Thereupon the defendant filed an answer pleading the Statute of Frauds. A trial was had at which the plaintiff and defendant appeared and the cause was submitted to the court sitting as a jury and the plaintiff had judgment for the amount sued for with interest. The court stated in writing the conclusions of fact found separately from the conclusions of law, as follows:

"In June or July, 1906, defendant called upon plaintiff company and requested it to make certain drawings of a vibrator which the defendant proposed to manufacture through a company which he was then planning to form, under the name of the Jewel Vibrator Company. He furnished it the vibrator, with the request that certain drawings should be made of the same for the purpose of using reproductions thereof in the advertising matter to be afterwards prepared. No arrangement was made as to the price to be paid for said drawings. The drawings, five in number, were prepared by the plaintiff and were exhibited to the defendant and he made no objection to the same, but requested plaintiff to retain them, which plaintiff did, the defendant stating that he was not ready to proceed further with the advertising in which the drawings would be used. The reasonable cost of making said drawings, or the value of the work in the making of same, was $84.50."

Thereupon the defendant filed a motion in arrest of judgment and for judgment *non obstante veredicto,*

which the court overruled, and defendant excepted. Thereupon the defendant duly prosecuted his appeal to this court, assigning as error the overruling of the motion last mentioned.

CAULFIELD, J. (after stating the facts).—The defendant urges his motion in arrest, etc. should have been sustained on two grounds: First, that the record discloses a lack of jurisdiction of the person; second, that the findings of fact did not warrant a recovery, disclosing, as they did, a transaction within the Statute of Frauds without compliance therewith. We will pass upon these contentions in their order.

I. The defendant waived his objection to the lack of jurisdiction of the person by appearing and answering and going to trial on the merits of the cause after his motion to quash the summons and dismiss the suit had been overruled and exception saved. [Kronski v. Mo. Pac. Ry. Co., 77 Mo. 362, 368; Thomasson v. Mercantile Town Mut. Ins. Co., 217 Mo. 485, 495, 116 S. W. 1092.]

II. We are of the opinion, however, that defendant's motion in arrest, etc. should have been sustained. Where there is a special finding of facts, it is error to enter a judgment not supported by it, and such a judgment should be reversed by an appellate court as for error apparent on the record. [Nichols v. Carter, 49 Mo. App. 401; Stotts City Bank v. Miller Lbr. Co., 102 Mo. App. 75, 82, 74 S. W. 472.]

The subject-matter of the contract in this case was a chattel, a completed article, to be made and delivered, and the title thereto was not to vest in the purchaser, this defendant, until the thing was completed and delivered. The transaction was then clearly within the Statute of Frauds. [Sec. 2784, R. S. 1909. See Burrell v. Highleyman, 33 Mo. App. 183;

Pratt v. Miller, 109 Mo. 78, 18 S. W. 965; Schmidt v. Rozier, 121 Mo. App. 306, 98 S. W. 791.] The defendant pleaded the statute and thereby invoked it as a defense and made it incumbent upon plaintiff to prove a compliance with some one of its conditions in order to a recovery. And in order to support the judgment, a finding of the facts constituting such compliance must be affirmatively included in the special finding, there being one, "as on each material issue on which it appears to be silent, it may be regarded as a finding against the party holding the affirmative or burden of proof." [Stotts City Bank v. Miller Lumber Co., 102 Mo. App. 75, 82, 74 S. W. 472.] Now the special finding which the court made in this case does not include any finding or even a suggestion that there was a note or memorandum in writing made of the bargain, or that the buyer gave anything in earnest to bind the bargain, or in part payment, as contemplated by the statute; nor is there any finding of facts sufficient to constitute an acceptance and actual receipt by the buyer of part of the goods sold within the meaning of the statute. The court found merely that the drawings were "exhibited to the defendant and he made no objection to the same, but requested plaintiff to retain them, which plaintiff did, the defendant stating that he was not ready to proceed further with the advertising in which the drawings would be used." It is apparent from this that the plaintiff never parted with the possession, dominion or control of the drawings. At the most it offered to make delivery, but at the request of defendant refrained from doing so, the latter not being ready for the drawings at that time. This was entirely insufficient to constitute an acceptance and actual receipt of the drawings within the meaning of the statute. [See Kirby v. Johnson, 22 Mo. 354; Harvey v. St. Louis Butchers, etc. Assn., 39 Mo. 211; Sotham v. Weber, 116 Mo. App. 104, 92 S. W. 181.]

III. The foregoing is sufficiently responsive to the arguments which were presented by counsel in their briefs on the original hearing in this court, but on motion for a rehearing other matters are suggested which we deem proper to notice.

First, it is suggested that the finding of facts was filed after delivery of the judgment. There is nothing in the record to sustain that assumption. The abstract of the record entries in that respect is as follows: "June 20, 1910. Trial by court, judgment for plaintiff against defendant and United States Fidelity and Guaranty Company, surety, for $90.82 and costs. Court's finding filed."

It is apparent from this that the court made and filed its written finding on the same day it rendered judgment and this was sufficient. [Stotts City Bank v. Miller Lumber Co., 102 Mo. App. 75, 74 S. W. 472.]

Second, plaintiff contends that the record does not disclose that any request was made by either party for a separate written finding of facts, and therefore the finding has no validity. The statute dealing with such findings is as follows: "Section 1972: Trial of Question of Fact by Court—Duty as to Findings.— Upon the trial of a question of fact, by the court, it shall not be necessary for the court to state its finding, except generally, unless one of the parties thereto request it with the view of excepting to the decision of the court upon the questions of law or equity arising in the case, in which case the court shall state in writing the conclusions of facts found separately from the conclusions of law."

Several cases decided by the courts of this state are cited as sustaining the defendant's contention, but after careful consideration of them we are convinced that none of them have that effect. They appear to decide nothing more than that the trial court must make the finding, if requested, and need not do

so unless requested; that in order to be valid, the find-
ing must be in writing, must not follow the rendition
of judgment and must appear to be a finding of facts
and not a mere opinion of the trial court.    [Griffith v.
K. C. Material & Const. Co., 46 Mo. App. 539; Brinson-
Judd Grain Co. v. Becker, 76 Mo. App. 375; Hamilton
v. Armstrong, 120 Mo. 597, 613, 25 S. W. 545; Mead v.
Spalding, 94 Mo. 43, 6 S. W. 384; Little v. Hooker
Steam Pump Co., 122 Mo. App. 620, 100 S. W. 561.]
These rulings cannot aid us in the determination of
this case because the question here does not concern
the *duty* of the trial court to make the finding, but re-
lates to the effect of such finding after having been
made.   The finding we are concerned with is in writ-
ing, was filed contemporaneously with the rendition,
of the judgment, is set forth in the abstract as part
of the record, and there was a record entry showing.
that it was filed.   It is not a mere memorandum of
opinion but purports to be and is clearly intended as
the trial court's separate finding of facts.   The parties
so understood it, for they treated it as a finding of.
facts in their original briefs; the clerk of the trial
court so understood it, for he designated it as such in
the record entry.   We may also add that cases hold-
ing or intimating that the findings must be excepted
to and the evidence preserved by bill of exceptions
in order that the findings may be attacked as not hav-
ing evidence to support them or as not embracing all
the issues of fact, are not applicable, because in this
case the finding is not attacked, but, on the contrary,
is affirmed as correct and insisted upon as being con-
clusive by the defendant, who is the appellant here.
Neither are those decisions in point which hold that
on appeal in equity cases the appellant must bring
up all the evidence in order to have the appellate court
review the trial court's conclusions of law on the find-
ings of fact.   Such decisions proceed on the theory
that in equity the whole case must be reviewed on

appeal, the facts as well as the law, and the statute has not changed this practice. This is not an equity case, but a law case. It seems to us that a case more nearly, if not entirely, decisive of the question here involved is the case of Shipp v. Snyder, 121 Mo. 155, 25 S. W. 900, where on writ of error our Supreme Court reversed and remanded a judgment because it was contrary to the law, in view of the special finding of facts, although such special finding does not appear to have been requested by either party. In the course of its decision our Supreme Court said: "The court in this case, sitting as a jury, was under no obligations to make a special finding of the facts, but, as was his privilege, he did so. The facts as found by him are responsive to the issues upon which a judgment could have been rendered, and his functions as a jury then ceased (Spalding v. Mayhall, 27 Mo. 377; Cochran v. Moss, 10 Mo. 416). And it became his duty, as a court, to render judgment on the finding, or if dissatisfied with it for any valid reason to set it aside." That decision and language seem to accord with decisions in other states, where the courts have held, under a statute like ours, that the trial court may make a special finding of its own motion, with the same effect as if it had been done at the request of one of the parties. [Jennings v. Jennings, 56 Iowa, 283, 290; Farwell Co. v. Lykins, 59 Kan. 96, 99; Harner v. Batdorf, 35 Ohio St. 113, 117.] In the last cited case the Supreme Court of Ohio said: "It is true that section 280 of the civil code does not require the court, where it tries a question of fact, to state its finding especially, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the case. Its language is, that it shall not be *necessary* for the court to state its finding, except generally, unless such request is made. The object of this provision is to give a party a right to require a special finding, by requesting it with the

view of excepting to the judgment. But where the court, without such request, finds and states the facts separately from its conclusions of law, an exception to the judgment rendered upon such finding is as available to the excepting party as if the finding were made at his instance or request." It has also been held that even if the request was necessary it need not have been entered of record, and in the absence of a showing to the contrary, will be presumed to have been made. [Corner & Co. v. Gaston, 10 Iowa, 512, 513; McCue v. The County of Wapello, 56 Iowa, 698.] In the light of these authorities we hold that the findings of fact filed in this case may be dealt with as such, without it appearing of record that it was made in compliance with a request therefor.

The judgment is reversed and the cause remanded. *Nortoni, J.,* concurs. *Reynolds, P. J.,* concurs in that part of this opinion which holds that by appearance and answer and going to trial the defendant waived his objections to jurisdiction over his person, but dissents in a separate opinion from that part which holds that there was a finding of fact, under the statute; also from the result, his opinion being that the judgment of the circuit court should be affirmed. Deeming that the decision rendered by the court is contrary to the previous decision of the Kansas City Court of Appeals in Nichols v. Carter, 49 Mo. App. 401, and State ex rel. Bush v. Lusk, 93 Mo. App. 680, 67 S. W. 711, and to those of the Supreme Court in Blount v. Spratt, 113 Mo. 48, 20 S. W. 967; Hamilton v. Armstrong, 120 Mo. 597, 25 S. W. 545; Cochran v. Thomas, 131 Mo. 258, 33 S. W. 6; and Patterson v. Patterson, 200 Mo. 335, 98 S. W. 613, Judge *Reynolds* asks that the cause be certified and transferred to the Supreme Court and it is so ordered.

## DISSENTING OPINION.

REYNOLDS, P. J.—As I said when considering the opinion prepared by my esteemed Brother CAUL-FIELD, which, being concurred in by Judge NORTONI, becomes the judgment of this court, while I concur in the conclusion which is there announced, that by appearance and answer and going to trial, defendant had waived his objection to the jurisdiction over his person, I repeat now, as I had previously held before the argument under the motion for a rehearing which we granted, that I am unable to agree to that part of the opinion which holds that defendant's motion in arrest and for judgment *non obstante veredicto* should have been sustained, and for that error reversing the judgment and remanding the cause. It is to be noted that the case is before us on the record proper alone, and the opinion of my learned brother proceeds upon the theory that the so-called finding of fact is of that record. The cases of Nichols v. Carter, 49 Mo. App. 401; Stotts City Bank v. Miller Lumber Co., 102 Mo. App. 75, l. c. 82, 74 S. W. 472, are cited in support of this. It is then stated that the transaction is a contract for the sale of goods, etc., or a contract for work and labor, and is clearly within the Statute of Frauds. With the discussion which follows this view, I do not propose to concern myself, nor do I controvert what is said as to the rule of determination between a contract for work and labor and one for the sale of goods. In the view I take of this case, it is not necessary to go into that.

This case is treated by my learned brethren as one in which a special finding of facts under what is now section 1972, Revised Statutes 1909, section 695, Revised Statutes 1899, has been made. That was true in Cochran v. Thomas, 131 Mo. 258, l. c. 278, 33 S. W. 6; Nichols v. Carter, supra, and Stotts City Bank v. Miller Lumber Co., supra.

I hold that what is treated by my learned brethren as a finding of facts by the court, is not such finding as is provided for by section 1972. To put that section distinctly before us, I quote it: "Upon the trial of a question of fact by the court, it shall not be necessary for the court to state its finding, except generally, unless one of the parties thereto request it with the view of excepting to the decision of the court upon the questions of law or equity arising in the case, in which case the court shall state in writing the conclusions of facts found separately from the conclusions of law."

This section first appeared in its present form in our Revised Statutes of 1889, as section 2135. A somewhat similar section was enacted in 1849, by which it was made the absolute duty of the judge to make a special finding of fact and of his conclusions of law thereon, whether requested to do so or not. In the revision of 1855, this was repealed and no section or law covering the matter appeared again in our statute until in the revision of 1889, when it appeared, as before stated, as section 2135. It was first construed by our Supreme Court in December, 1892, in Blount v. Spratt, 113 Mo. 48, 20 S. W. 967, where Judge MACFARLANE (l. c. 53) says, that as incorporated into our code of 1889, it was borrowed almost literally from section 2135 of the code of civil procedure of Kansas. We will take up this case of Blount v. Spratt, later.

Since the adoption of this law by our state it has been the subject of frequent decision.

The first case that we have found in which this statute was referred to or construed by either of our Courts of Appeals, is that of Griffith v. K. C. Material & Const. Co., 46 Mo. App. 539. It appears by the report of that case (l. c. 544) that at the conclusion of the evidence the trial judge remarked *ore tenus,* "I can state my opinion of the facts in this case, and probably save arguing the declarations of the law."

He then proceeded to state what in his opinion the evidence conduced to show and what the judgment should be. Whereupon defendant's counsel stated to the court that he had some declarations of law that he would like to have passed upon. This was granted. The defendant contended in the appellate court that this was a special finding under section 2135, Revised Statutes 1889. Referring to this claim, Judge SMITH, who handed down the opinion of the Kansas City Court of Appeals, on November 9, 1891, says (l. c. 544): "It is no more the duty of the court now, than it was under the code of 1855, to make a special finding of facts in a cause tried by it, . . . unless one of the parties thereto request it with the view of excepting to the decision of the court upon the question of law or equity arising in the case, in which case the court is required to state in writing the conclusions of facts found separately from the conclusions of law. The statute just referred to was no doubt intended as a qualification to the rule of practice as it existed under the code of 1855. The application and hardship of that rule is illustrated in the cases last cited" (referring to a number of cases decided under the code of 1849). Continuing Judge SMITH says: "Under the statute, as it now exists, when a court trying a case has upon any question of fact made a general finding thereon, the party feeling himself aggrieved thereby has the right to request the court to state in writing the conclusion of facts found. Then upon appeal or writ of error it shall be the duty of the revising court to review such conclusions of facts. It is, therefore, apparent that the so-called conclusions of facts of the judge in this case were not made in conformity to the statutory requirements, nor was such the understanding of either judge or counsel at the time. The deliverance of the judge was an opinion on the rights of the parties based on the evidence, but not an attempt to 'state in writing the conclusion

of facts found separate from the conclusions of law.' as contemplated by the statute. Regarding what the judge is reported to have said as a mere opinion of his, and not as a special verdict or finding of facts or part of the record, we cannot notice it." This, I consider, does not go so much to the fact that the conclusion was not in writing, as to the fact that no request for a special finding was made.

In Nichols v. Carter, supra, decided in April, 1892, Judge Ellison, speaking for the Kansas Court of Appeals (l. c. 404), says, referring to this statute, then section 2135, Revised Statutes 1889: "Under this statute the duty of the court (when the parties so request) is practically the same as in 1849. It is the duty of the court, at the request of either party, to state, in writing, its findings of facts and conclusions of law thereon separately," referring to Griffith v. Construction Co., supra, together with cases from Kansas, Ohio and California. It will be noted that Judge Ellison has here twice referred to the necessity of the request being made for that finding. That learned judge then continues that this written statement of conclusions of fact and law then becomes a part of the record proper, and if the finding of facts does not support the judgment based thereon, the judgment will be reversed for error apparent on the record though no exception be taken; that the finding of fact is a substitute for a special verdict though not considered so critically as is a special verdict; that the facts may be presumed when their existence may legally be presumed from the facts found by the court. Otherwise, the presumption will not be made. "The object of the statute is to permit parties to make a case for the revision of an appellate court, in which the facts and law would appear separately, without requiring instructions or bills of exceptions. . . . This must mean, at least as applied to our present practice act, that the complaining party concedes there was evi-

dence tending to support the finding. For, if that is not conceded, and the finding is attacked as not having evidence to support it, such evidence must be preserved by bill of exceptions. So, if the finding of facts is attacked as not embracing all the issues of fact, that should also be made to appear by a bill preserving the evidence; as, frequently, issues made by the pleadings are not contested or afterwards referred to; and, when the court omits, in the finding of facts, issues made by the pleading, it should be presumed that no such issues were made by evidence." He then remarks that in the case before the court, there is a bill of exceptions and the court will consequently pass upon the points preserved. There is no room to misunderstand this; obviously Judge ELLISON assumes that the finding of fact referred to is one made upon request.

In Freeman v. Hemenway, 75 Mo. App. 617, decided in 1898, Judge ELLISON, again speaking for the Kansas City Court of Appeals, states that at the request of the defendant the court made a special finding of facts with the conclusions of law thereon as provided by the section of the statute quoted, and he says (l. c. 621): "The correctness of the finding of facts may be assailed in the appellate court on the ground of there being no evidence to support it, or that it does not include all the issues, if the evidence is preserved by bill of exceptions. [Nichols v. Carter, 49 Mo. App. 401.] But we understand from a recent ruling of the Supreme Court, in order to assail such finding, exception must be taken and preserved by the objecting party. [Loewen v. Forsee, 137 Mo. 38, 38 S. W. 712.] Defendants failed to save any exception to the finding or conclusion of law and hence we cannot look into the evidence to ascertain whether it was a proper or complete finding on the issues."

In Brinson-Judd Grain Co. v. Becker, 76 Mo. App. 375, Judge BOND, speaking for this court (l. c. 379),

dealing with a special finding under what was section 2135, revision of 1889, says that it was clearly the duty of the trial court, upon a request for such finding, to state the constitutive facts in issue and to state also separately the conclusions of law thereon in order that proper exceptions might be taken. Referring to Cochran v. Thomas, supra, Judge BOND, continuing, says that the finding in the case "is not clear, explicit or full on the points in issue, but a consideration of it as a whole in connection with the inferences fairly arising from the facts stated, discloses a sufficient basis to support the judgment," and after reciting the findings, he concludes that they do recite facts essential to support the judgment.

In State ex rel. v. Lusk, 93 Mo. App. 680, 67 S. W. 711, a proceeding by mandamus, on appeal to the Kansas City Court of Appeals, Judge BROADDUS, after stating that the circuit court had heard the cause and made a special finding rendering judgment thereon from which the relator had appealed, states that no exceptions were taken by relator to the action of the court and that no bill of exceptions made out and signed by the judge was ever filed, but that the relator copied the special finding of facts and proceeded upon the assumption that it is a part of the record proper in the case. Judge BROADDUS then says (l. c. 681): "We know of no law that makes the special finding of the facts of a case a part of the record proper. The only way to get it into the record is to except to the finding and include both the finding and the exceptions in a bill in the usual way. Section 695, Revised Statutes 1899 (now 1974), was devised for the very purpose of giving a party to the suit the benefit of excepting to the decision of the court upon facts there found to exist. We are therefore not authorized to review the finding of the court upon the facts, and cannot predicate any opinion upon that part of the case."

In Steele v. Johnson, 96 Mo. App. 147, 69 S. W. 1065, a formal request for a finding and conclusion of fact separately from conclusions of law was made. The trial court found for defendant, having made a number of specific findings of fact upon which the judgment was entered. No exception was taken to any of the findings of fact. After the findings were announced and entered of record, plaintiff filed a motion for new trial, assigning as error that the findings were against the evidence, etc. That motion was overruled and plaintiff appealed. Judge BARCLAY, then a member of this court and speaking for it, held that exceptions not having been taken to the conclusions of fact as made, "an appellate court cannot properly examine the testimony to determine whether any of the findings was unwarranted by the evidence (citing cases). Concerning matters which are the subject of exception, our law provides that no exceptions shall be taken on appeal save those expressly decided by the trial court. [R. S. 1899, Sec. 864.] As no exception was taken to any of the findings of fact, it is not permitted to this court to review them to discover any insufficiency in the evidence behind them."

In Redmond v. M., K. & T. Railroad, 104 Mo. App. 651, 77 S. W. 768, Judge BROADDUS, speaking for the Kansas City Court of Appeals, says (l. c. 657): "Under the statute in question (now section 1972), it is made the duty of the trial court upon request of a party to a suit to 'state in writing the conclusions of facts found separately from the conclusions of law;'" and where it was insisted in that case that for a failure of the court to find all the facts and conclusions of law therein, the judgment should be reversed, Judge BROADDUS says: "We do not think the statute should be so construed, for the effect would be to inculcate trickery by permitting a party remaining silent, when he should speak, to take advantage of an oversight or omission of the court to find some par-

ticular fact and conclusion of law thereon. As said in the original opinion herein, it became the duty of the appellant to have asked the court to find the fact and give its conclusion of law thereon. And because the court was asked to find the facts and conclusions of law did not relieve him of the duty of rectifying any omission made by the court.''

In Blount v. Spratt, supra, heretofore referred to as the first case in which our Supreme Court dealt with this section, that court held that in order to review such finding it is necessary that all of the evidence be preserved and brought before the Supreme Court by a proper bill of exceptions, and that not having been done and no exceptions taken or saved to the conclusions or finding, there was nothing before the Supreme Court to review except the record proper.

In Hamilton v. Armstrong, 120 Mo. 597, 25 S. W. 545, the court was requested to make a finding of fact. He did not do so until after judgment. No exceptions were saved to the finding, nor were they assigned as error in the motion for a new trial. The court held that findings of fact and conclusions of law so made cannot be considered part of the record in the case.

In Loewen v. Forsee, 137 Mo. 29, 38 S. W. 712, a finding of fact was requested; it was not filed until after judgment and then by a *nunc pro tunc* entry it was carried back to antedate the judgment. The court repeats what had been held. as above in Hamilton v. Armstrong, and says (l. c. 39), that there was no such finding in the case as contemplated by the statute or as can be considered by the Supreme Court, other than such as may be incident to the result of the judgment.

These cases clearly hold that a literal compliance with the statute is necessary to bring the case under its operation.

In Snuffer v. Karr, 197 Mo. 182, 94 S. W. 983, our Supreme Court held the rule to be that where there were no exceptions to the finding of fact in the trial

court, the appellate court will not review the evidence to see whether or not those facts were sustained thereby.

Turning to the Kansas decisions, made prior to the adoption of section 1972 by our state, and which are presumed to have been in the mind of our lawmakers when they adopted the Kansas statute, we find these—in addition to the cases cited by Judge MACFARLANE in Blount v. Spratt, supra.

In Bainter et al. v. Fults, 15 Kan. 323, decided in 1875, it is said that as the defendants below, plaintiffs in error, did not ask the court to make special findings on any subject or of any kind, a general finding by the court will not be disturbed. "It devolved upon the plaintiffs in error to show error, and not upon the defendant in error to show that there was no error."

In Typer v. Sooy, 19 Kan. 593, decided in 1878, it is said (l. c. 600) : "But no special findings are necessary unless requested by the parties, or one of them (Major v. Major, 2 Kan. 337), and no request for findings appears in the record—no exception to the finding as made, no mention for additional findings, and no application to set aside the judgment for lack of findings on all the matters in issue. . . . 'It is only errors apparent upon the record, that this court can take cognizance of, and those are errors of law. We cannot retry the case upon its merits.' "

In Green, Admr., v. Williams, Admr., 21 Kan. 64, decided in 1878, it is held that where there is no request made for a special finding, the court is not required to make one.

In Cowling v. Greenleaf, 33 Kan. 570, decided in 1885, the court held that if the party asking for findings is not satisfied with the finding of facts, "he should have asked the trial court to make further findings, or modify those made."

In Wilcox v. Byington, 36 Kan. 212, decided in

1887, it is held that a request for a finding of fact must be made before the court announced its finding.

In Smythe v. Parsons, 37 Kan. 79, decided in 1887, it is said (l. c. 83): "No request was made that the court should do so (make special finding of facts) until after the general finding was made and after the judgment was rendered." Held not error to refuse a special finding.

In Kellogg v. Bissantz et al., 51 Kan. 418, decided in 1893, but after we had borrowed the Kansas statute, it is held that in the absence of a finding upon a matter in issue, or of a request for one, and of the evidence in the case, the court will not say that injustice has been done. It cites and quotes Briggs v. Eggan, 17 Kan. 591, to the effect that if the court attempts to make a special finding, as requested by a party, and inadvertently fails to make one upon some particular matter in controversy, the court does not thereby commit substantial error, unless its attention is first called to the omission to find, or to the defective finding, and it then fails or refuses to correct the same.

Touching the matter of looking to an opinion of the trial court, or incorporating a finding of fact in the judgment proper, in Mead v. Spalding, 94 Mo. 43, 6 S. W. 384, Judge BLACK, speaking for our Supreme Court, says that counsel seem to suppose the Supreme Court will look to the written opinion of the trial court to learn how the disputed facts were found. At page 47, he says: "We find no such opinion in the transcript. Even if incorporated in the bill of exceptions, it would be no part of the record. Such opinion cannot be made to take the place of instructions, or a finding of facts given as an instruction. The opinion of the trial court may be cited and used in the consideration of the case presented by the record, and in that respect is often of great value to us; but it is no

part of the record upon which the case must be determined in this court. We have said this much because we are constantly asked to look to the opinion of the trial court as a substitute for instructions, or as in aid of instructions given; and such requests have been as often disregarded.''

In Patterson v. Patterson, 200 Mo. 335, 98 S. W. 613, Judge VALLIANT speaking for division No. 1 of our Supreme Court, sets out the record of the judgment in the case, in which it was recited that it was submitted to the court for hearing and the court having heard the evidence, etc., finds the issues in favor of defendant and dismisses plaintiff's bill, ''upon the following findings of facts on motion of plaintiff heretofore filed for the finding of facts in this cause which finding is in the following words, to-wit:'' Then follows what seems to be a review of the evidence and the court's conclusions from the evidence. Examining this as to whether under section 695, ''which makes it the duty of the court on the timely request of either party to state in writing its 'conclusions of fact found separately from the conclusions of law,' does not alter or affect in any manner the ancient practice above mentioned of expressing in the decree the facts found.'' At page 340, he says: ''It is not contemplated by that section that 'the conclusions of fact' there called for shall be incorporated in the judgment or decree. The statute says they shall be stated in writing, but that does not mean embodied in the judgment. The findings called for by that statute get all their legal force, whatever that may be, when the requirement prescribed by the statute is complied with, that is, when the court states the conclusions in writing separate from the conclusions of law; incorporating them in the judgment or decree adds nothing to them as products of the statute. . . . The statute is satisfied and its purpose is fully accomplished when the court reduces to writing the facts it finds and

causes the paper to be filed; the copying of them in the decree is not called for by the statute, and it adds nothing to them as a statutory requirement, but whatever force, if any, the findings of facts may have by being recited in the decree they have by force of the original chancery practice independent of the statute.'' This part of the case was referred to approvingly by Judge GRAVES in Miller v. McCaleb, 208 Mo. 562, l. c. 575, 106 S. W. 655.

In Thomas v. Elliott, 215 Mo. 598, 114 S. W. 987, Judge VALLIANT, speaking for division No. 1 of our Supreme Court, of a case in which counsel in their brief say that the only finding of the court on which its order was based was that appellant, not being a party to the partition suit, had no right to be heard, of which point Judge VALLIANT says (l. c. 601): ''That does not appear in the record in this case. The statement in the bill of exceptions as to what the judge said on that point is of no consequence. What, in the appellant's bill of exceptions, is called findings of fact do not even conform to the requirements of section 695, Revised Statutes 1899. The only thing this court can know about it is what the record shows, which is that after hearing the evidence the court sustained the objections and set aside the sale.''

Our court followed this same rule when, in Little v. Hooker Steam Pump Co., 122 Mo. App. 620, 100 S. W. 561, Judge BLAND, speaking for this court of an opinion which was prepared and filed in the case by the trial judge and copied in the abstract of the record and which this court was asked by the defendant to treat as a special finding of facts by the judge, cites and quotes Mead v. Spalding, supra, that incorporating an opinion of the trial court in the bill of exceptions does not make it part of the record and such proceeding cannot be made to take the place of instructions or as a finding of facts given as an instruction.

Turning to the facts of the case at bar as presented to us, we have a printed abstract of the record prepared and submitted by appellant. It appears by that abstract that the action was commenced by plaintiff filing with the justice of the peace, an account accompanied by this statement, after naming defendant as debtor to plaintiff: "To account stated and amount due plaintiff as per itemized statement herewith attached and marked 'Exhibit A,' $84.50; and for interest thereon at the rate of six (6) per cent per annum from August 31, 1906." Attached to this was an account made out against defendant for what are called "wash drawings" of a vibrator which defendant, under the name of the Jewel Vibrator Company, proposed having made. It appears that in the justice's court, the words "account stated and" were erased by the justice from the foregoing statement. Following this account is the summons, the receipt of it acknowledged by the constable. Following this is the affidavit of defendant for an appeal from the judgment of the justice and a copy of the appeal bond. Then follows the transcript sent to the circuit court by the justice. This sets out the fact that the suit was on an account filed; the demand $84.50 and interest; summons issued to the constable returned duly served by the constable on the return day, which was April 7th, and the entry in the justice's docket, that the cause was continued by consent to April 8 and again to April 16th and for plaintiff to May 3, on which day the cause being set for trial, plaintiff appeared by attorney, as also came defendant, and the evidence being submitted, the justice finds for plaintiff and against defendant, doing business as Jewel Vibrator Company in the sum of ninety-eight dollars. Judgment follows for that amount and costs. Then follows the entry of the filing of the affidavit for appeal to the circuit court and the bond, the approval of the bond and the certificate of the justice. The record entries

in the circuit court, as shown by this abstract, are, notice of the appeal filed; motion to quash writ and dismiss the suit filed; overruling of the above; filing of term bill of exceptions; filing of defendant's answer and of plaintiff's reply; entry of the fact of the jury being waived; trial by the court on June 20th and judgment for plaintiff against defendant and his surety on his appeal bond for $90.82 and costs. Then follows this entry: "Court's finding filed." The next entry in the abstract of the record is, "Motion in arrest of judgment and for judgment *non obstante veredicto* filed." Notation of these being overruled and of affidavit for appeal to be filed and of defendant's bill of exceptions being signed, sealed, allowed and filed and his appeal bond approved follows. Notice of appeal from the justice to the circuit court is set out in full. The term bill of exceptions sets out defendant's motion to dismiss, in which it is set out that defendant appears specially and only to object to the jurisdiction of the court; avers that he at no time consented to any continuance of the cause by the justice; avers that prior to the rendition of the judgment in the justice's court the officiating justice had mutilated, wantonly and unlawfully, the statement of a cause of action filed by plaintiff in that he had stricken out the words "account stated and," as before noted, "wherefore, this court is without jurisdiction, wherefore, and for the following reasons, defendant prays the writ of summons may be quashed and the cause dismissed:

"First. Because there was no cause of action stated against defendant.

"Second. Because the petition, as filed, purported to base the action on a stated account (which is upon contract—express assumpsit); and the summons recites the complaint is founded upon 'an account filed,' whereas, in truth, the account filed was only an exhibit.

"Third. Because no writ of summons ever issued upon the complaint filed.

"Fourth. Because there was never any service on defendant.

"Fifth. Because there was never any judgment rendered upon any cause of action.

"Sixth. Because the purported cause of action imperfectly and inartificially stated, was stricken out before the trial by the justice; judgment being thereupon rendered upon the exhibit, a legally impossible theory, and this court is, therefore, without any jurisdiction to try and adjudicate as to either.

"Seventh. Because there is no such an entity as the plaintiff purports to be in existence in the state of Missouri, doing business; and that there is a nonresident corporate entity of this name, which is not authorized to do business in this state, and is not authorized to sue either upon any cause of action herein, nor in any court of this state.

"Eighth. Because the justice court had no equitable jurisdiction to investigate and open an account, admitted to be closed, and the circuit court has none on appeal."

This was signed and sworn to by defendant. On the hearing of this motion as set out in the term bill, the only evidence submitted was this affidavit. The court overruled the motion, to which action in overruling it defendant excepted, and at the October term, 1909, filed his term bill of exceptions. This is all that is in the term bill. Afterwards defendant filed an answer in which it is set out that defendant saving all just exceptions heretofore taken "denies that he is now or ever has been a member of any entity known as the Jewel Vibrator Company; and denies that he has engaged in any business other than the practice of law; and avers that the non-traversible matter set up in the caption of the petition is not true in fact; and, further answering, he sets up and specially pleads

the Statute of Frauds, and asks to go hence without day, and recover his costs in this behalf expended.''

The reply was a general denial.

Then follows this in the abstract:

"Bill of Exceptions.
(Caption omitted.)

"Be it remembered that the motion in arrest of judgment and for judgment *non obstante veredicto* heretofore filed herein, coming on to be heard and by the court fully understood, are hereby overruled this 5th day of July, 1910; to which action of the court in overruling said motion, defendant then and there excepted at the time, and presents this his bill of exceptions, and prays that the same may be signed, sealed and allowed by the court, and become a part of the record in this cause, which is accordingly done; which motion is in words and figures as follows, to-wit:

(Caption omitted.)
"Motion in Arrest of Judgment and for Judgment *non obstante veredicto.*

"Now comes defendant, and moves the court to arrest the judgment herein and render judgment for defendant *non obstante veredicto,* for the following reasons:

"First. Because the record discloses a lack of jurisdiction.

"Second. Because there was no cause of action stated against defendant.

"Third. Because the findings are not within the issues.

"Fourth. Because the findings disclose no agreement to become liable, and no facts upon which any liability of defendant can be founded.

"Fifth. Because both the statement of account filed and the findings of fact show the order for chattels to be made was in the name of and for a corpora-

tion to be formed, as principal, and the judgment imposes a liability on defendant, who acted only as agent, is not supported by the facts, and which, as a matter of law, did not before exist; and the finding the value of the work is not within the issues and no recovery can be had therefor.

"Sixth. Because the court had no jurisdiction of the equitable remedy in account and accounting.

"BEN T. CASTLEMAN,
"*Pro se.*
"W. B. HOMER,
"Judge.

"Dated this 8th day of July, 1910.
"Affidavit for Appeal.
(Caption omitted.)

"Ben T. Castleman, being duly sworn, makes oath and says that the appeal prayed for in the above entitled cause is not made for vexation or delay, but because the affiant believes the appellant is aggrieved by the judgment or decision of the court.

"BEN T. CASTLEMAN.

"Subscribed and sworn to before me this 8th day of July, 1910.

"CHAS. R. GRAVES,
"Clerk.

"Conclusions of Facts by the Court.
(Caption omitted.)

"In June or July, 1906, defendant called upon plaintiff company and requested it to make certain drawings of a vibrator which the defendant proposed to manufacture through a company which he was then planning to form, under the name of Jewel Vibrator Company. He furnished it the vibrator, with the request that certain drawings should be made of the same for the purpose of using reproductions thereof in the advertising matter to be afterwards prepared. No arrangement was made as to the price to be paid

for said drawings. The drawings, five in number, were prepared by the plaintiff and were exhibited to the defendant and he made no objection to the same, but requested plaintiff to retain them, which plaintiff did, the defendant stating that he was not ready to proceed further with the advertising in which the drawings would be used. The reasonable cost of making said drawings, or the value of the work in the making of same, was $84.50.

"W. B. HOMER,<br>"Judge."

Here the abstract ends and this is all of it.

This case was brought to our court on what is called the short form, setting out the judgment, the affidavit for the appeal, and fixing of the amount of the bond, the allowance of the appeal and the allowance and filing of the bill of exceptions. The judgment set out is as follows:

"Now at this day come the parties hereto by their respective attorneys, and this cause coming on for hearing and a jury having been waived, is submitted to the court upon the pleadings and proof, and the evidence adduced. And the court having heard and duly considered the same, doth find that by an instrument of writing herewith filed, defendant is indebted to plaintiff in the sum of $84.50, with interest at six per cent from March 23, 1909, or $6.32, aggregating $90.82.

"Wherefore it is considered and adjudged by the court that plaintiff have and recover of defendant and the United States Fidelity and Guaranty Company, surety on the appeal bond herein, the sum of ninety dollars and eighty-two cents ($90.82) and also its costs and charges herein expended, and have execution therefor. Court's finding filed."

(We find no suggestion that there was such "instrument of writing" filed.)

It will be observed that not a particle of testimony, beyond the affidavit, is set out in this bill of exceptions or abstract. There is no recital whatever that anyone, party to the litigation, asked the court to make a special finding in writing. What is headed in this abstract, "Conclusions of Facts by the Court," does not appear in the bill of exceptions. In the judgment, at the end, is this: "Court's finding filed."

Applying the principles which are announced by this court, the Kansas City Court of Appeals and our Supreme Court in the cases above cited, I am compelled to hold with great deference to my learned associates, that the conclusion arrived at by my Brother CAULFIELD, and which conclusion is concurred in by Judge NORTONI, and the decision which they have pronounced in this case, are directly contrary to all of these decisions and introduce an innovation, and a dangerous one, in our practice, and one which I am unwilling to sanction.

Furthermore, if we are to treat this as a special finding under the statute and are to look at it as such and to apply to it the principles announced in some of the cases above referred to, it is set out distinctly that the "drawings, five in number," were prepared by plaintiff and were exhibited to defendant and he made no objection to the same but requested plaintiff to retain them, which plaintiff did, the defendant stating that he was not ready to proceed further with the advertising with which the drawings would be used. If the conclusion to be reasonably drawn from that is not that the trial court found acceptance of the drawings on the part of the defendant, I am unable to understand what it does mean. If defendant accepted the articles, after they were made, assuming the contract to have been for articles to be manufactured and not a contract merely for work and labor done, the Statute of Frauds was unavailable to him. It was immaterial whether he had contracted for them in

writing or verbally, if he accepted them. That can be implied reasonably from this conclusion of the court in what is called its finding, and if it can, then the case is outside of the Statute of Frauds, and there was no use for the court to say so in words.

Referring to the judgment, which the court rendered, it seems to me beyond question that the court included and met in it all the issues in the case. It is stated in that judgment that upon the pleadings and proof and the evidence adduced, the court having heard and considered the same, ''doth find that by an instrument of writing herewith filed, defendant is indebted to plaintiff, in the sum of $84.50, with interest at six per cent from March 23, 1909, or $6.32, aggregating $90.82.'' Then follows the judgment for the amount against defendant and his surety. On the authority of the case, Patterson v. Patterson, supra, and other cases above referred to, this recital can be treated as surplusage and this is nothing more or less than a judgment in it for so much money. No exception was filed to this finding. No motion for a new trial interposed. The only motion that was filed, beyond the motion to dismiss or to quash, was a motion in arrest of judgment and for judgment *non obstante veredicto*. Whether the latter has any place in our practice is questionable. However that may be, neither a motion in arrest nor for judgment *non obstante veredicto* reaches the defects which our courts recognize as ground for reversal of this judgment. Neither of these motions go to the failure of evidence or failure of the court to include in its finding of facts, if it had made one under the statute, matters which should have been found distinctly as essential to a verdict. Neither do they reach the defect here aimed at nor constitute exceptions to the finding of fact, if it is assumed one was made.

It may be said that as counsel for respondent in brief and argument submitted to us, has made no

point against the finding of facts as not made in compliance with or under the statute, that the point is not before us. Granting that he has not made the point, it does not follow that we are not to consider it, especially when by passing it *sub silento*, we may be held to have approved. It is not for counsel to concede away the law, when the effect of that concession goes beyond their case and makes for error in law. I do not think that the mere failure of counsel for respondent to notice that point is a concession one way or the other. He may have thought the argument of appellant answered itself. It is for the appellant to make and maintain points against the judgment from which he has appealed. The presumption always is in favor of the correctness of action of the circuit court. So the cases heretofore cited hold and such is elementary law. Here this appellant bases his chief ground for reversal on the theory that there was a finding of fact by the trial judge, that finding to be tested by the statute. We are bound to test his claim by inquiring whether there is such a finding here as brings it within the provision of the statute. We can only reverse that finding on the theory that it is one under the statute and that, in failing to cover all the issues, it fails to meet the statutory requirement. The cases of Nichols v. Carter and Stotts City Bank v. Miller Lumber Co., cases relied on by my Brother CAULFIELD, are cases directly under the statute. In each of them the court was requested by counsel to make a finding under the statute. They do not meet this case. We must test this finding by the statute. If it develops here, as I hold it does, that filing an opinion on the facts was the mere voluntary act of the judge, and not made upon the request of counsel, then I hold it is not a finding under the statute, and filing it in the cause or setting it out in part in the judgment does not aid it. How this "finding" finds place in this abstract nowhere appears; it is not called for by the bill of ex-

ceptions and is not of the record proper. In brief, I hold that it is not such a finding as to bring it within section 1972, for it was not made in answer to any demand or request of counsel. Second, even if it is a finding under that section, neither exceptions were saved to it, nor was it assailed and those exceptions preserved either by motion for a new trial or by bill of exceptions. Third, it is not of the record of this case. Fourth. It cannot be tested by the evidence, for the evidence is not preserved by the bill of exceptions, is not before us in any manner. Finally, the finding and judgment are not, in themselves, fatally defective but are within the pleadings and responsive to the statement of the cause of action and the issues made, and are not open to attack by motion in arrest or by motion for judgment *non obstante veredicto*.

I think the judgment of the circuit court should be affirmed. I am unable to reconcile the decision of the majority of our court in this case with prior decisions of our own court. While we are not bound by them, but are free to overrule or disregard them, that is not to be done except on grave consideration. While this case involves a very small amount of money, I consider the principle involved in it so important that, unwilling as I am to throw work on our overburdened Supreme Court, I most respectfully ask that it be certified to the Supreme Court, as in conflict with every one of the decisions of the Supreme Court and of those of the Kansas City Court of Appeals which I have cited and to which I have herein referred, particularly Nichols v. Carter, 49 Mo. App. 401, and State ex rel. v. Lusk, 93 Mo. App. 680, by the Kansas City Court of Appeals; Blount v. Spratt, 113 Mo. 48; Hamilton v. Armstrong, 120 Mo. 597; Cochran v. Thomas, 131 Mo. 258, and Patterson v. Patterson, 200 Mo. 335, by the Supreme Court.