LEWIS P. CROCKETT *et al. vs.* BENJAMIN F. SCRIBNER.

*Statute of frauds—what is not within.*

A contract to manufacture staves out of a particular lot of timber, already cut for the purpose, is not within the statute of frauds and is valid although not in writing.

ON EXCEPTIONS to the ruling of the justice of the superior court.

ASSUMPSIT upon a parol contract for the manufacture of staves. The case was tried by the justice of the superior court without the intervention of a jury, at the March term, 1873, subject to exceptions in matters of law.

The case shows that during the winter of 1871–1872 the defendant was employed by the plaintiffs, in cutting poplar timber;

that while the defendant was so engaged in cutting timber, nego-tiations were had between the defendant and the plaintiffs for the manufacture of said timber into syrup barrel staves by the plain-tiffs for the defendant at a certain price per thousand; that finally a parol agreement was made between the parties, by which the plaintiffs undertook and agreed to manufacture the whole lot of timber into staves, for the defendant, and the defendant agreed to pay for said staves when manufactured, the sum of $12.50 per thousand, and to take and pay for (at said rate) all the staves that could be made from that particular lot of timber, the payments to be $50 cash, and two notes on three and six months with sureties.

It was claimed that the contract was within the statute of frauds, but the justice ruled as matter of law, that as said staves were not in existence at the time of said contract, and, by the terms of said agreement, were to be manufactured by the plaintiffs for the de-fendant, from a particular lot of timber, it is not a contract for the sale of goods, wares and merchandise, but for the manufacture and delivery of the staves, and therefore not within the statute of frauds.

The staves were manufactured by the plaintiffs, and offered to the defendant according to the contract, who refused to receive or to pay for them according to the parol agreement. The plaintiffs then sold them for the most they could get for them in the market, and the justice held the legal measure of damages to be the differ-ence between the contract price and the amount so received by the plaintiffs for the staves. There were 41,400 staves so manufac-tured, deducting tare, and the damages by the above rule were sev-enty-five cents per thousand. The defendant excepted.

*Cobb & Ray* for the defendant.

As the staves and their price, and not the labor of manufactur-ing and its price, formed the consideration of the contract it was within the statute. *Buxton* v. *Bedal*, 3 East, 303; *Bird* v. *Muh-linbrink*, 1 Rich., 197; *Cason* v. *Cheeley*, 6 Ga., 554; *Clay* v.

*Yates*, 1 Hurl. & Nor., 73 ; *Gardner* v. *Joy*, 9 Metc., 177 ; *Robertson* v. *Vaughn*, 5 Sandf., 1 ; *Wilkes* v. *Atkinson*, 6 Taunt., 11 ; *Watts* v. *Friend*, 10 Barn. & Cres., 446.

*Il. J. Swasey & Son* for the plaintiff.

DICKERSON, J. This case is presented on the defendant's exceptions to the rulings of the superior court for the county of Cumberland in matters of law.

That court ruled as matter of law, that, as the staves in controversy were not in existence when the contract was made, but were to be manufactured for the defendant from a particular lot of timber, it is not a contract for the sale of goods, wares and merchandise, but for the manufacture and delivery of the particular staves named, and is not therefore, within the statute of frauds.

The finding of the court, that as a matter of fact, the contract was for the manufacture and delivery of certain staves from a particular lot of timber, is conclusive upon the parties. The law is well settled that such a contract is not within the statute of frauds. *Hight* v. *Ripley*, 19 Maine, 137 ; *Abbott* v. *Gilchrist*, 38 Maine, 260; *Goddard* v. *Binney*, 115 Mass., 450.

The objection to the rule of damages laid down by the court is not well taken, and is waived in the argument.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.