HENRY HEIN v. THOMAS O'CONNER.

(No. 2758.)

APPEAL from Webb County.  Opinion by WILLSON, J.

*(Transferred from Austin.)*

A. WINSLOW, counsel for appellant.

H. C. DICKINSON, counsel for appellee.

§ 205. *Limitation; account between merchant and merchant; a butcher is a merchant; case stated.*  This is a suit by O'Conner to recover of Hein $629.45, alleged balance of account.  The cause was tried by the judge without a jury, and judgment was rendered in favor of

O'Conner for the amount sued for, and costs.  Exceptions, general and special, to the petition were presented and overruled, and this action of the court is assigned as error.  We are of the opinion that the court did not err in overruling said exceptions.  We think the petition sets forth definitely and clearly a good cause of action, and is not subject to the objections urged against it.  As shown by the petition and the evidence, there had been a continuous dealing and mutual accounts between the parties commencing in 1885, and terminating in July, 1887.  These dealings and accounts were shown by itemized exhibits attached to the petition, and proven on the trial to be correct; and the difference in the debits and credits amounts to the sum sued for, and for which the judgment was rendered.  Among the matters of defense Hein pleaded the statute of limitation of two years to all items of the indebtedness sued for which accrued prior to May 12, 1887, this suit having been instituted May 13, 1889.  The trial judge, upon the evidence, concluded that the statute of limitations had not run in favor of Hein; that the dealings between the two parties embraced in the account were between merchant and merchant, and were mutual and current, concerning the trade of merchandise, and therefore excepted from the operation of the statute of limitations.  [Sayles, Civil St., arts. 3203, 3204.]  This conclusion of the trial judge is assigned as error and presents the main question in the case.  It is not questioned that the accounts between the two parties were mutual and current, nor is it questioned that O'Conner was a merchant during the time that said accounts were made.  But it is denied that Hein was a merchant during said time.  Upon this issue the evidence shows that Hein was engaged in purchase of, slaughter and sale of, beeves; that he kept a meat market; sold fresh meats, sausage, hides and tallow; that he had a contract with the United States government to supply Fort McIntosh with beef; that, to assist

him in fulfilling said contract, he obtained Mexican money of O'Conner, etc. It was in conducting the said business that he incurred the indebtedness sued for, and his transactions with O'Conner concerned the trade in which both parties were engaged. Our statute does not define the words "merchant" or "merchandise," and we are therefore to be controlled by the ordinary signification of those words. Webster defines "merchant" to be "one who carries on trade; or who traffics; who buys goods to sell again; any one who is engaged in the purchase and sale of goods; a trafficker; a trader." He defines "merchandise" to be "the objects of commerce; whatever is usually bought and sold in trade, market or by merchants; wares; goods; commodities." Taking these definitions for our guide, we think the evidence shows that Hein was a merchant, and that his dealings with O'Conner concerned the trade of merchandise. We hold, therefore, that the trial judge did not err in concluding that the statute of limitations did not apply to any portion of the cause of action. We have considered other assignments of error not herein discussed and find that none of them are maintainable.

January 22, 1891.  Affirmed.