MOORE *v.* CAMDEN MARBLE & GRANITE WORKS.

Opinion delivered October 15, 1906.

STATUTE OF FRAUDS—CONTRACT FOR WORK.—An agreement by one to construct an article especially for or according to the plans of another, whether at an agreed price or not, although the transaction is to result in a sale of the article, is a contract for work and labor, and not within the statute; but if the article to be made and delivered is of a kind which the producer usually has for sale in the course of his business, it is a contract for sale, and must be in writing.

Appeal from Ouachita Circuit Court; *Charles W. Smith,* Judge; affirmed.

*Thornton & Thornton,* for appellant.

If plaintiff's contention be correct, it sold defendant a tombstone.    The tombstone, until it was completed and delivered to defendant, remained the exclusive property of plaintiff.    It was such a contract as that a chattel was ultimately to be delivered, and, being oral, it falls within the statute of frauds.    1 B. & S. 272; 51 N. H. 94; 33 U. C. Q. B. 442; 87 S. W. 61.

*Geo. W. Hays,* for appellee.

A contract for the delivery of an article which it requires skill and labor to produce does not fall within the statute.    Lawson on Contracts, 94; 8 Am. & Eng. Enc. Law, 706 *et seq.*    "A

contract to deliver at a future time a thing not then existing and yet to be made is not within the statute, for it is a contract for work and labor, and not for the purchase and sale of goods." 18 N. Y. 58; 21 Pick. 205; 115 Mass. 547; 48 N. H. 204; 32 N. W. 846.

McCULLOCH, J.   Appellant gave a verbal order to appellee for a tombstone to be made and set up in the burial ground, but refused to accept it when complete and ready for delivery.   In this action against him brought by appellee to recover $40, the agreed price of the tombstone, he pleads the statute of frauds, Kirby's Digest, § 3656.

The sole question for our determination is, whether the contract in question was one for the sale of goods, wares and merchandise, and therefore within the statute of frauds, or one for work and labor to be done and materials to be furnished, which is not within the statute.

In England and Canada the rule seems to be settled that where under the contract the title to a chattel is to be transferred from one person to another it is a contract for sale of goods within the meaning of the statute, regardless of the previous condition of the product or the amount of labor and talent to be expended in producing or constructing it.   In *Lee* v. *Griffin,* 1 B. & S. 272, which is the leading English case on the subject, the rule is laid down by Blackburn, J., as follows: "If the contract be such that, when carried out, it would result in the sale of a chattel, the party can not sue for work and labor; but, if the result of the contract is that the party has done work and labor which ends in nothing that can become the subject of a sale, the party can not sue for goods sold and delivered."   The learned judge, by way of illustration, said: "If a sculptor were employed to execute a work of art, greatly as his skill and labor, supposing it to be of the highest description, might exceed the value of the marble on which he worked, the contract would, in my opinion, nevertheless be a contract for the sale of a chattel."

In that case the suit was for the price of a set of artificial teeth which the plaintiff, a dentist, had especially prepared for defendant after measurement of his mouth, and the latter died before delivery or acceptance of the teeth.   The court held that

the contract was one for sale of the completed chattel, and was within the statute of frauds.

The doctrine announced in *Lee* v. *Griffin* has not been generally adopted by the American courts, but a majority have followed the rule declared in substance by the Supreme Court of Massachusetts that "an agreement by one to construct an article especially for or according to the plans of another, whether at an agreed price or not, although the transaction is to result in a sale of the article, is a contract for work and labor, and not within the statute; but if the article to be made and delivered is of a kind which the producer usually has for sale in the course of his business, it is a contract for sale, and must be in writing." 20 Cyc. p. 241-2; Browne, Stat. Frauds, § 309*a; Mixer* v. *Howarth,* 21 Pick. 205; *Goddard* v. *Binney,* 115 Mass. 450; *Lamb* v. *Crafts,* 12 Metc. (Mass.), 353; *Cason* v. *Cheely,* 6 Ga. 554; *Hight* v. *Ripley,* 19 Me. 139; *Crockett* v. *Scribner,* 64 Me. 447; *Forsyth* v. *Mann,* 68 Vt. 116; *Bird* v. *Muhlinbrink,* 1 Rich. Law (S. C.), 199, 44 Am. Dec. 247; *Bagby* v. *Walker,* 78 Md. 239; *Pratt* v. *Miller,* 109 Mo. 78; *Higgins* v. *Murray,* 73 N. Y. 252; *Parker* v. *Schenck,* 28 Barb. 38; *Mead* v. *Case,* 33 Barb. 202; *Meincke* v. *Falk,* 55 Wis. 427; *Allen* v. *Jarvis,* 20 Conn. 38.

There is some little apparent conflict in the decisions of the American courts in their application of the law to the facts of the various cases, but it is found that the principle announced in nearly all of them may be harmonized upon the Massachusetts rule just stated.

Now, in the case at bar, the facts, as found by the jury upon conflicting testimony, were that the plaintiff operated a marble yard, and took orders for completed tombstones according to patterns and designs displayed in a catalogue. It is not shown by the evidence the precise condition the material out of which plaintiff constructed the tombstone was in when the order was given, but the plaintiff and another witness introduced by him testified in general terms that he made the tombstone after defendant gave the order for it according to the design selected, and cut the inscription upon it which the defendant selected. It was constructed in accordance with the design selected by defendant, and the names and dates were inscribed thereon as he directed. This brought the case within the rule announced, and the court

properly refused to instruct the jury that the contract was within the statute of frauds.

Affirmed.