TOWER GROVE PLANING MILL COMPANY, Appellant, v. McCORMACK, Respondent.

St. Louis Court of Appeals, December 3, 1907.

1. **STATUTE OF FRAUDS: Sales: Goods, Wares and Merchandise.** A contract for the manufacture and delivery of doors and windows of the value of more than thirty dollars, although they were of peculiar size and character such that they could not be used in any other building than the one for which they were designed, was within the Statute of Frauds, section 3419, Revised Statutes 1899, so that the manufacturer of such articles could not recover their value in the absence of a showing that there was any writing or any part of the goods delivered or anything paid upon the contract.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

AFFIRMED.

*Walther & Muench* for appellant.

(1) The Statute of Frauds was enacted in view of the mode and manner in which business affairs are usually conducted and was not intended to obstruct the free course of trade or to afford an excuse for violating commercial integrity. 29 A. and E. Ency. Law (2 Ed.), p. 953; Meyer v. Thompson, 16 Ore. 194. (2) A contract for manufacturing mill work for a building, according to plans and specifications, of a peculiar design, suitable only for use in that particular building, not suitable for the general trade and valueless for any other purpose, does not come within the Statute of Frauds. Pratt v. Miller, 109 Mo. 78; Haynes v. Second Baptist Church, 88 Mo. 285; Flynn v. Dougherty, 91 Calif. 669, 14 L. R. A. 230; Heintz v. Burkhead, 29 Ore. 55; Puget Sound Co. v. Rigby, 13 Wash. 264; Clay v. Yates, 1 H. and N. 79; Phipps v. McFarlane, 3 Minn. 109; Meinecke v. Falk, 55 Wis. 427; Brown v. Wunder, 64 Minn. 450;

Orman v. Hogan, 3 N. M. 568; Forsythe v. Mann., 68
Vt. 116; Abbott v. Gilchrist, 38 Me. 260; Height v. Rip-
ley, 19 Me. 137; Pitkin v. Noyes, 48 N. H. 294; Bagby v.
Walker, 78 Md. 239; Suber v. Pullin, 1 S. Car. 273; Turn-
er v. Mason, 65 Mich. 662; Cason v. Cheeley, 6 Ga. 554;
Goddard v. Burney, 115 Mass. 450; Chapman v. Ry. Co.,
146 Mo. 481; Baker on Law Sales, sec. 96. Smith on
Const. of Statute of Frauds, sec. 374, 375; Page on Con-
tracts, 1024, 1025; 29 Am. and Eng. Ency. Law, 965;
Reed on Statute of Frauds, secs. 247, 251; Wood on
Statute of Frauds, sec. 298.

*Stern & Haberman* for respondent.

Plaintiff's second cause of action is not good under
the Statute of Frauds. Burrell v. Highleyman, 33 Mo.
App. 183; Pratt v. Miller, 109 Mo. 78; Belmers v. Nagel,
112 Mo. App. 202; Schmidt v. Rozier, 121 Mo. App. 306.

GOODE, J.—This action was instituted originally
on a statement containing two counts. We are not con-
cerned with the first one and will say nothing about it.
The second count is as follows:

"And for its second cause of action, plaintiff states
that on or about the 19th day of April, 1904, defendant
gave plaintiff an order for the following described goods,
to be manufactured by plaintiff for him, to-wit: 3 pairs
of doors, 12' 0' x 15' 0', 2¼", 12 lts. 2 sash 3-9" x
4' 6' 8Lt, 1¼ diamond sticking for windows, (etc., etc.,
setting out other like articles). All to be in yellow pine;
and agreed to pay therefor the sum of two hundred and
fifty dollars, which order plaintiff on said day accepted.

"That thereafter defendant notified plaintiff that
he would not accept said goods, nor perform said con-
tract upon his part. That defendant has failed to pay
the cost of said work, and has refused and still refuses
to accept the said material. That by reason of defend-
ant's said breach of said contract, plaintiff has been

damaged in the sum of two hundred and fifty dollars, for which amount, together with interest and costs, it prays judgment."

The case was originally instituted in a justice's court whence it was appealed to the circuit court and retried. The evidence showed defendant was engaged in erecting an automobile garage at the World's Fair and ordered from the plaintiff company the goods in question for use in that building. After the stuff was about manufactured, the defendant notified plaintiff that he had placed the order with another company or mill, because plaintiff had been declared "unfair" by labor unions, and defendant would have trouble with employees if he used goods turned out by plaintiff's factory. There was evidence tending to show plaintiff did not carry in stock windows and doors, either completed, or partly completed, but manufactured them for particular buildings according to plans and specifications, and that the doors and windows manufactured for defendant were peculiar in size and character and could not be used in other buildings. The case was tried without a jury and there was a judgment for plaintiff on the second count; which was afterwards set aside by the court and a new trial granted, on the ground that the court had erred in refusing certain declarations of law asked by the defendant. The substance of these declarations was, that if the court found from the evidence that the contract on which plaintiff based its second count, was one for the sale of merchandise or things of the price of more than thirty dollars, and that the buyer did not accept any part of the goods sold, or actually receive the same, and gave nothing in earnest to bind the bargain or anything in part payment, and no note or memorandum was made of the bargain and signed by the buyer or his agent, then, under section 3419 of the Revised Statutes of 1899, the finding must be for the defendant. These declarations invoked that

clause of the Statute of Frauds which provides that no contract for the sale of goods, wares and merchandise of the price of thirty dollars and upwards, shall be good unless the buyer accepts part of the goods and actually receives the same or gives something in earnest or part payment, or unless there is a note or memorandum in writing made of the bargain and signed by the party to be charged, or his authorized agent. Plaintiff's counsel say the contract does not fall within the Statute of Frauds, because it was not one for the sale of goods, wares or merchandise, but for work and labor. In the opinion of the writer, this clause of the Statute of Frauds is unsuited to modern business conditions and productive of more fraud than it prevents. Nevertheless, the contract in question falls within its terms, according to the decisions in this State, and the statute must be enforced. The contract as pleaded in plaintiff's statement, explicitly states that it was an order for goods to be manufactured for plaintiff. The substance of the contract was a purchase by defendant from plaintiff of certain doors, windows, etc.; that is to say, chattels. It is true the chattels were to be manufactured; but the contract was not to pay plaintiff for the work of manufacturing them, but for the chattels themselves when they were put in a condition suitable for defendant's use. Whether it is right or wrong, the rule in Lee v. Griffin, 1 Best & Smith, 272, has been adopted as the rule of decision in this State. It is that "when the subject-matter of the contract is a chattel to be afterwards delivered, then, though work and labor are to be done on such chattel before delivery, the cause of action is goods sold and delivered and the contract is within the Statute of Frauds." [Pratt v. Miller, 109 Mo. 78, 18 S. W. 965.] In Burrell v. Highleyman, 33 Mo. App. 183, the property was household furniture which was to be covered and trimmed according to the order of the purchaser, who selected the covering and trimming, which were worth

about half the agreed price of the furniture.  Notwithstanding this fact, it was held the contract was one, not for labor, but for goods sold and delivered, and hence was in the statute of frauds.  In the case of Lee v. Griffin, the articles sold were two sets of artificial teeth manufactured for the defendant.  In Schmidt v. Rozier, 121 Mo. App. 306, 98 S. W. 791, the same doctrine was applied to a suit of clothes manufactured by a tailor for a customer.

The judgment granting a new trial is affirmed and the cause remanded.  All concur.