SPRING GARDEN INS. CO. OF PHILADELPHIA v. BROWN.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 23, 1911. Rehearing Denied Jan. 27, 1912.)

INSURANCE (§ 330*) — FIRE INSURANCE — "STOCK"—"MERCHANDISE."

A fire policy on a stock of merchandise for a specified sum, and on store and furniture and fixtures for a specified sum which stipulates that the entire policy shall be void if the subject of insurance be incumbered by chattel mortgage, is not invalidated, as to the insurance on the furniture and fixtures, by the execution of a chattel mortgage on the "stock of merchandise" and improvements, the mortgage not covering the furniture and fixtures; "stock," in mercantile law, being defined as "the goods which a tradesman holds for sale or traffic," and "merchandise" being defined to be "the objects of commerce" (quoting 7 Words and Phrases, 6661).

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 829–841; Dec. Dig. § 330.*]

Appeal from District Court, Wise County; J. W. Patterson, Judge.

Action by J. B. Brown against the Spring Garden Insurance Company of Philadelphia. From a judgment for plaintiff, defendant appeals. Affirmed.

Slay, Simon & Wynn, for appellant. McMurray & Gettys, for appellee.

SPEER, J. This is an action by J. B. Brown against the Spring Garden Insurance Company of Philadelphia to recover on a certain fire insurance policy covering a stock of merchandise and other property belonging to plaintiff; said property being destroyed by fire while the policy was in force. A trial was had before the court, and a judgment rendered for the plaintiff, from which the defendant has appealed.

The policy of insurance contained the following stipulation: "This entire policy, unless otherwise provided by agreement endorsed hereon, or added hereto, shall be void, if the subject of insurance be personal prop-erty and be, or become, encumbered by chattel mortgage." The property insured is thus described in the policy: "Thirteen hundred dollars on stock of merchandise consisting principally of groceries, produce, tobacco, cigars, feed stuff, chinaware, glassware, tinware, and such other merchandise as is usually kept for sale in a retail general merchandise store; all while contained in the two-story wood building with shingle roof now and to be occupied as a general merchandise store and situate #9 and 10 on the north side of Rock Island street, lot #9 and 10, block #24, in Boyd, state of Texas. Two hundred dollars on store and furniture and fixtures, counters, shelving, showcases, desks, safe, letter presses and typewriters, while contained in the above-described building."

Appellee, during the life of the policy, executed a deed of trust on lot 9, block 24, in the town of Boyd, in which instrument the following words of conveyance were incorporated, namely: "Also the entire stock of merchandise and improvements of whatever kind on said lot 9, block 24." It is the contention of appellant that this instrument, creating as it does, in legal effect, a chattel mortgage on the personal property embraced within it, made void the policy in its entirety, or at all events, as to the merchandise, if the mortgage did not include the furniture and fixtures embraced in the policy. We think it is apparent that the entire stock of merchandise, whatever that may mean, was included in the mortgage; but it is also equally apparent that the improvements referred to in that instrument contemplate only those improvements that were appurtenant to the lot. We do not think the phrase, "stock of merchandise," is comprehensive enough to include the furniture and fixtures covered by the insurance policy. "Stock," in mercantile law, is defined to be "the goods or chattels which a tradesman holds for sale or traffic." 7 Words and Phrases, 6661. "Merchandise" is defined by Webster to be "the objects of commerce; whatever is usually bought and sold in trade or market or by merchants; wares; goods; commodities." Hein v. O'Connor, 15 S. W. 414; Kent v. Liverpool & London Ins. Co., 26 Ind. 294, 89 Am. Dec. 463. Indeed, the policy of insurance itself recognizes the distinction between the "stock of merchandise" and "furniture and fixtures," such as "counters, shelving, showcases, desks, safes, etc." It remains to be seen if the execution of a chattel mortgage covering the stock of merchandise, and not including the furniture, makes void, either in whole or in part, the policy.

This question, we think, is decided by the case of Bills v. Hibernia Ins. Co., 87 Tex. 547, 29 S. W. 1063, 29 L. R. A. 706, 47 Am. St. Rep. 121. The policy of insurance considered in that case contained the following

stipulation: "This entire policy shall be void if the subject of insurance be a building on ground not owned by the insured in fee simple." The policy covered a ginhouse and machinery in the sum of $1,430, $370 of which covered the ginhouse. The ginhouse was situated upon a tract of land leased by the insured. All of the property was destroyed by fire, and the Supreme Court held that the contract was an entirety; and, furthermore, that, since "the subject of insurance" consisted of the house and machinery, the forfeiture clause did not apply, and the policy was not breached. The stipulation of the policy under consideration is almost, if not entirely, identical, as it affects the divisibility of the contract. "The subject of insurance" consisted of a stock of merchandise and certain furniture and fixtures. The mortgage, viewed in the most favorable light to appellant, covered only a part of the subject of insurance. The policy does not provide for a forfeiture, in whole or in part, if part only of the subject of insurance be or become incumbered with a chattel mortgage. The underlying principle for such a construction is clearly expressed in the Supreme Court authority just cited.

These conclusions dispose of every assignment, save those contending that the evidence shows appellee burned his building; and that he did not keep a correct set of books, as required by the terms of the policy. Upon these issues, the evidence conflicted, and the finding of the court is not without sufficient evidence to support it.

The judgment is, in all things, supported by the evidence, and the record presents no error. The judgment is affirmed.