# M. L. COLEMAN, Doing Business as M. L. COLEMAN LUMBER COMPANY, Plaintiff in Error, v. HENRY FORRESTER, Defendant in Error.

**Springfield Court of Appeals, February 12, 1914.**

1. APPELLATE PRACTICE: Verdict: Supported by Evidence: Conclusive. Appellate courts do not pass upon the weight of the evidence and a verdict which involves only an issue of fact with any substantial evidence to support it will stand, no error having been committed in the trial.

2. SALES: Evidence: Competency. In a suit for the reasonable value of certain building material, where plaintiff contended that the price claimed by defendant was much less than the reasonable value thereof, evidence is competent on the part of the defendant that the items sued on were a part of a larger bill on which plaintiff was making prices, as he might have been willing to make lower prices on these items in order to make a sale of the entire bill.

3. ———: Evidence: What Competent. In an action for the reasonable value of certain building material where the dispute is as to price offered by plaintiff evidence was admissible that plaintiff had offered to another contractor practically the same material for the same purpose at the same price.

4. SALES: Contract Price: Statute of Frauds. Though a contract for the sale of certain building material may be within the statute of frauds before being executed, yet plaintiff after delivering the material, cannot disregard the contract price and sue for an increased amount as a reasonable value.

Appeal from Christian County Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*S. E. Bronson* and *I. V. McPherson* for plaintiff in error.

(1) The court erred in admitting illegal and incompetent evidence offered by the defendant. Hutchins v. Railroad, 97 Mo. App. 548; Hartt v. McNeill,

47 Mo. 526; Paremore v. Lindsey, 63 Mo. 65; Schlicker v. Gordon, 19 Mo. App. 479; Griggs v. Deal, 30 Mo. App. 152; Wimp v. Early, 104 Mo. App. 85; Metropolitan Street Ry. Co. v. Walsh, 197 Mo. 392. (2) The court erred in giving instructions numbered 1 and 2 requested by the defendant. Press Brick & Machine Co. v. Brick & Quarry Co., 151 Mo. 511; Patee v. McCabe Bierman Wagon Co., 97 Mo. App. 361; Barrie v. United Railways, 138 Mo. App. 651; Whedon v. Ames, 28 Mo. App. 428; Arnold v. Cason, 95 Mo. App. 428; Gaus & Sons Mfg. Co. v. Chicago Lumber Co., 115 Mo. App. 114; Scott v. Davis, 141 Mo. 225; Pomeroy on Contracts, secs. 61-63-64; Green v. Cole, 103 Mo. 76; Taylor v. Von Schrader, 107 Mo. 206; Price et al. v. Atkinson, 117 Mo. App. 52. (3) The court erred in refusing instructions numbered 1, 2, 3 and 4 requested by the plaintiff. Burrell v. Highleyman, 33 Mo. App. 183; Advertising Co. v. Castleman, 165 Mo. App. 575; Planing Mill Co. v. McCormack, 127 Mo. App. 350; Schmidt v. Rozier, 121 Mo. App. 306; Pratt v. Miller, 109 Mo. 78; Sotham v. Webber, 116 Mo. App. 104. (4) The court erred in allowing the defendant, after verdict was rendered and after the plaintiff's motion for a new trial had been filed and overruled, to amend his answer and bring in new defenses and new theories of defense which the jury had not passed upon and which plaintiff had had no opportunity to meet and rebut. Garton v. Canada, 39 Mo. 357; Gale v. Foss, 47 Mo. 276; Weed Sewing Machine Co. v. Philbeck, 70 Mo. 646; Singer Mfg. Co. v. Givens, 35 Mo. App. 608; Clark v. St. Louis Transfer Co., 127 Mo. 255; Levels v. St. Louis & H. R. Co., 196 Mo. 606.

*G. A. Watson* for defendant in error.

(1) When the evidence referred to as illegal and incompetent is examined it will be found to be nonprejudicial for the reason that it could not have influenced

the jury in arriving at their verdict, as it related wholly to matters about which there was no controversy and on which both parties agreed. There was no error committed by the court in giving instructions 1 and 2. These instructions submitted squarely to the jury the issues defined by the stipulations and made by the pleadings. (3) The court did not err in refusing instructions "Refused 1, 2, 3." They referred to the defense of the Statute of Frauds, which could not possibly be invoked by plaintiff, either under the stipulations, the basis of the suit, or under the allegations of the petition which counts on the special contract, or under the allegations of the answer, which strictly adheres to the agreement. The goods were delivered under this contract and $139.50 paid on the bill. The only question was whether this was payment in full. (4) The amended answer, filed after verdict by permission of the court, raises no new issues and may be entirely ignored without in any way affecting the correctness of the verdict and judgment thereon.

STURGIS, J.—This is a suit for a balance of $188.67, alleged to be due on an account for windows, doors and transoms sold by plaintiff, a lumber dealer, to defendant for his use as contractor in building a church at Ozark, Missouri. The plaintiff claims that this building material was ordered by and furnished to defendant without any price being fixed and he sues for $328.17, the reasonable value of same, less $139.50 paid thereon by defendant. The defendant admits buying and receiving from plaintiff this building material but claims that he bought same of plaintiff for the specific price and sum of $139.50, which he has paid. This was the only issue in the case—an issue of fact, pure and simple, and, absent any error committed in the course of the trial, if there is any substantial evidence supporting the verdict for defendant this court cannot overturn such verdict. For us to pass on the weight

of the evidence is against the wisdom of the ages. [Schlicker v. Gordon, 19 Mo. App. 479, 483.]

Plaintiff's chief place of business is at Aurora, Missouri, and defendant made the contract at a specific price, if at all, with the agent in charge of his branch lumber yard at Ozark. The local agent did not have this material on hand at the local yard and denies making any fixed price to defendant on these disputed items, and, therefore, he did not so report it to the home office at Aurora, from which point the building material in controversy was later furnished or ordered to be shipped to defendant at Ozark. There is no question raised, however, as to the authority of the local agent to make the contract at the specific price, if he in fact did so as the jury has found. The defendant's version of the making of the contract is that he was about to submit his bid for building this church and preliminary thereto asked the plaintiff's local agent for prices on all the lumber and material necessary for building the church, inclusive of the windows, doors and transoms in controversy; that such agent first gave him such prices on all the material except the windows, doors and transoms in dispute. Defendant was likewise getting such prices from a lumber firm in Springfield. Being desirous of knowing the exact prices on which to base his bid, defendant went back to plaintiff's local agent in a few days and told him he wanted to know his prices on these windows, doors and transoms, and, having called up the Springfield firm by phone and got its prices on the same, he represented to and told the local agent that the Springfield firm offered to furnish the same for $139.50. The local agent said his firm (plaintiff) could and would do as well as the Springfield firm and the prices, amounting to $139.50, were entered on the bill and accepted by defendant, who bid on and was awarded the contract accordingly. There was evidence tending to show that the Springfield firm gave the price

of $139.50 on only part of the windows, doors and transoms afterward furnished by plaintiff, and gave an additional price on the others and that defendant misrepresented the facts in inducing the local agent to agree to furnish the entire bill for that price. The defendant denied this and testified: "When I called up the Williams Lumber Company I asked them for prices on all the doors, windows, and transoms I had left with them on my list and I suppose they gave to me a price on all of them in the $139.50 estimate. The Williams Lumber Company wrote down the list of the things I wanted in my presence. . . . Mr. Williams had figured on the same windows, doors and transoms that I got Coleman (plaintiff) to bid on. He offered them to me for $139.50."

This was the chief point of controversy in the case and on this point the court, at plaintiff's instance, instructed the jury as follows: "If the jury find and believe from the evidence that the defendant stated and represented to the plaintiff, or to his agent, Beaver, that the Williams Lumber Company, of Springfield, Missouri, had agreed with him to furnish the windows, doors and transoms sued for for the sum of $139.50; that the said statement and representation of the defendant was false and untrue; that the same was made to induce the plaintiff's agent, Beaver, to agree to furnish the windows, doors and transoms for the same sum; that the plaintiff's said agent, Beaver, by reason of the aforesaid false statement and representations of defendant was induced to and did agree to furnish the said windows, doors and transoms to the defendant for the sum of $139.50, then the court instructs you that said agreement was not binding on the plaintiff and he would not be bound to furnish the same for the said sum, and, notwithstanding the said agreement, if made under the circumstances above set out, plaintiff is entitled to recover the full value of all the said windows, doors and transoms sued for, less

whatever amount defendant has paid thereon.'' The finding of the jury on this point was against plaintiff and is binding on us. If we accord to both parties an honesty of purpose, then it is probable that defendant misunderstood the price offered by the Williams Lumber Company. The local agent of plaintiff, however, could have verified the correctness of these figures by calling the Springfield firm or could have declined to furnish the material at these prices.

Plaintiff insists that error was committed in allowing the defendant to show that the items in controversy were a part of a larger bill for building material covering the whole church and amounting to $850.50, the objection being that none of the other items were in dispute and were, in fact, fully paid for. As plaintiff was contending that the special price claimed was much less than the reasonable value of these items, we think it was proper for the jury to know that these items were but a part of the larger bill on which plaintiff was making prices and might have been willing to make a lower price on these to affect a sale of the whole. Besides, it was almost impossible to state what took place between these parties. without bringing in the fact that the parties were dealing on the larger bill. It was almost an inseparable part of the transaction.

Nor was it error to allow the witness Burgess to testify that he was bidding on this same church building and that he had asked plaintiff's same local agent to give him prices on all the building material for same, inclusive of the windows, doors and transoms, and that he gave him practically the same price in the aggregate as claimed by defendant. This witness compared the bill for material made and submitted by him to plaintiff with the bill of same sold to defendant and said they were practically the same. Defendant also testified that the two bills called for practically the same material. The court admitted this evidence on-

the theory that, as the plaintiff's agent had denied giving a price on the windows, doors and transoms and defendant testified that he did, the fact that this agent had figured on the same building material, including the windows, doors and transoms, for another bidder at practically the same time and gave him within ten dollars of the same total price as that claimed by defendant, was a fact tending to shed some light on the disputed facts. There is nothing suggested why this lumber dealer would not give these two bidders on the same contract the same price on the building material and the probative value of this evidence is apparent.

Plaintiff also makes the novel point that, as there was no written contract on his part to furnish this building material for the fixed price of $139.50, such contract is within the statute of frauds and not enforceable. [Burrell v. Highleyman, 33 Mo. App. 183; Advertising Co. v. Castleman, 165 Mo. App. 575, 148 S. W. 433; Planing Mill Co. v. McCormack, 127 Mo. App. 349, 106 S. W. 113.] He, therefore, argues that plaintiff can disregard such contract as void and recover the reasonable value of the goods sold. We may grant that such contract is within the statute of frauds, at least before being executed by either party, but we fail to find any case or authority holding that the plaintiff may make an oral contract to sell goods, wares or merchandise at an agreed price and, after delivering the same, sue for and recover an increased price on the ground that he can disregard the contract price as being part of a contract within the statute of frauds. If so, the statute is a power to aid instead of prevent fraud.

The record shows that this controversy arose between the parties before the building material in controversy was delivered by plaintiff to defendant, but we are not called on to say whether or not defendant could have maintained any action on the contract, as being within the statute of frauds, had plaintiff re-

fused to deliver the goods sold. Nor do we see any applicability of Price v. Atkinson, 117 Mo. App. 52, 94 S. W. 816, to the facts of this case. The delivery of the articles in controversy was made under a written stipulation of the parties designed to leave, and which we have treated as leaving, the parties in the same position they would have been had plaintiff delivered the lumber with the intent and claiming the right to change the reasonable value and the defendant received the same with the intent and claiming the right to have the same at the agreed lower price.

We have also considered the case on the original pleadings and any change made in the answer after trial, or defendant's right to make such amendment at that time, is not material. Finding no reversible error, the judgment is affirmed.

*Robertson, P. J.,* concurs. *Farrington, J.,* concurs.