CARROLLTON MONUMENT COMPANY, Respondent, v. SOPHIA GEARY and FRED GEARY, Appellants.

In the Kansas City Court of Appeals, May 1, 1922.

1. STATUTE OF FRAUDS: Verbal Contract for Purchase of Monument Held not a Contract for Ultimate Transfer and Delivery of a Chattel and Does not Come Within Section of Statute of Frauds, Relating to Sale of Goods, Wares and Merchandise. Where parties entered into a verbal contract for the preparation of a monument to be set up on a cemetery lot designated by defendant, which was to be a two-piece memorial of gray granite, hewn out of rough stock, cut, lettered, finished and set up in the cemetery for the price of $325, the contract was not for the ultimate transfer or delivery of a "chattel," and does not come within that branch of the Statute of Frauds, section 2170, Revised Statutes 1919, relating to the sale of goods, wares and merchandise.

2. INSTRUCTIONS: Failure of Court to Define Word ''Substantially'' Used in an Instruction Held not Error. The court did not err in giving instruction for plaintiff which did not define the word "substantially" used therein, as it is a word of common use and well understood, and defendants cannot claim error on that account because they used the same word without definition in their instructions.

Appeal from the Circuit Court of Carroll County.— *Hon. Ralph Hughes,* Judge.

AFFIRMED.

*Atwood & Atwood* for respondent.

*S. J. & G. C. Jones* for appellant.

TRIMBLE, P. J.—The controversy herein is over the question whether defendants should be required to pay for a monument which they verbally contracted with plaintiff should be prepared and properly set up in the cemetery on a lot designated by defendants. The agreed price for this was $325.

One of the defendants' contentions was that the monument did not conform to the character and style of the monument called for in the contract. But, as this question was submitted to the jury and by it decided adversely to defendants, it drops out of the case; and the only question now remaining is whether defendants are liable at all because of the Statute of frauds, assuming that the defense of the statute was properly put in the case by the defendants.

The evidence is that the defendants called at plaintiff's shop (plaintiff being in the monument business) and looked through the "show room" where monuments were on exhibition but found nothing to suit their choice. Thereupon, defendants were taken out into the rear where blocks or slabs of granite, in the "rough" just as they came out the quarry, were kept. Defendants said they preferred and wanted something in a rough design and finally came across a piece of granite which, upon being measured, proved to be of a size suitable for the monument they desired to obtain, and they selected it and directed plaintiff to go ahead and finish up the monument according to defendant's ideas, cutting the monument so that the "die" would be as thick as the

rough quarry block would permit. They also furnished a copy of the lettering to be placed thereon. The block of granite was thereupon brought into the shop and the plaintiff proceeded to cut and prepare same and inscribe thereon the inscription desired. While this was being done in the course of the following week, the defendants once or twice came to the shop and observed the progress of the work, but made no objection thereto, and finally when it was almost ready to be put up on the cemetery lot, the defendant Fred Geary came in and inspected it and after making some suggestions (which were afterward complied with), told plaintiff to go ahead and put it up.

Plaintiff thereupon erected the monument on the lot in the cemetery, and afterward defendants went once or twice to the cemetery with an officer of the plaintiff and looked at the monument thus erected, but the defendants didn't like it and refused to pay for it.

As heretofore stated, the question is whether the Statute of Frauds applies to this contract. The decision of the question depends upon the interpretation of that branch of our Statute of Frauds now known as section 2710, Revised Statutes 1919, and the application thereof to the facts herein. Said section reads as follows: "No contract for the sale of goods, wares and merchandise for the price of thirty dollars or upwards, shall be allowed to be good, unless the buyer shall accept part of the goods so sold, and actually receive the same, or give something in earnest to bind the bargain, or in part payment, or unless some note or memorandum in writing be made of the bargain, and signed by the parties to be charged with such contract or their agents lawfully authorized."

Whether a certain contract is within or without the particular section of the Statute of Frauds here considered, is frequently a perplexing problem and often made very much more so by the many apparently irreconcilable decisions rendered on the subject by the

courts of different jurisdictions. Although there are three different views concerning the applicability of the statute which have been formulated into something in the nature of general rules and conveniently called the English, the New York and the Massachusetts rules, yet frequently courts, while professing adherence to some particular one of these rules, do not do so entirely and unreservedly in their decisions, but apparently include some test of their own arising out of the particular facts involved. Doubtless it is because of the innumerable varying shades of different contracts arising out of the infinite variety of human circumstances that the courts have not been able to lay down more definite and satisfactory, or all-inclusive and binding, tests out of which can be formulated a general rule which will satisfactorily and universally apply. We do not hope, and therefore shall not attempt, to formulate a rule which will be any more definite or clearly announced than has been done heretofore, especially in view of the earnest and learned efforts bestowed on the subject by so many of the ablest judges, with such divergent results not entirely satisfactory to each other. This divergence opinion however may be, and perhaps is, due to the fact that prior to the decision in Lee v. Griffin, 1 B. & S. 272, 20 L. J. Q. B. 252, 23 Eng. Rul. Cases 191, 193, the law in England was in an unsettled state, and American courts, in attempting to follow English precedents, arrived at different conclusions, so that when the rule in Lee v. Griffin, was announced, they did not feel at liberty to follow it unreservedly because of the doctrine of *stare decisis.*

The evidence is that the memorial to be set up under this contract was to be a two-piece monument of Gray granite hewn out of a suitable piece of rough stock then existing just as it came from the quarry, and it was to be cut, lettered, finished and set up especially for the Geary family. Hence it would seem that the contract was not within the Statute of Frauds under

either the Massachusetts or the New York rule. [Moore
v. Camden Marble, etc., Works, 80 Ark. 274; Forsythe
v. Mann, 68 Vt. 116; Goddard v. Binney, 115 Mass. 450;
In re Gies, 160 Mich. 502; Mead v. Bourk, 54 Cal. 51;
Parsons v. Loucks, 48 N. Y. 17; Wallace v. Dowling, 86
S. C. 307.]

The English rule, as formulated in the case of Lee v.
Griffin, supra, and followed by all the later English de-
cisions, treats all contracts having for their final or ul-
timate result *the transfer of a chattel* as being a contract
of sale thereof, and therefore within the statute, even
though the contract calls for the performance of work
and labor and also skill in carrying out the contract or
in finishing the article for the buyer's use. It is more
compactly stated in Lee v. Griffin, supra, as follows:
"Whether the cause of action be work and labor, or goods
sold and delivered, depends upon the particular nature
of each individual contract, and when the contract is
such that *a chattel is ultimately to be delivered* by the
plaintiff to the defendant, when it has been sent, then the
cause of action is goods sold and delivered." (Italics
ours.) This rule has met the approval of the courts of
our State. [Burrell v. Highleyman, 33 Mo. App. 183,
189; Pratt v. Miller, 109 Mo. 78, 84; Lesan Advertising
Co. v. Castleman, 165 Mo. App. 575; Schmidt v. Rozier,
121 Mo. App. 306; Tower Grove Planing Mill Co. v. Mc-
Cormack, 127 Mo. App. 349.] It would therefore seem
to follow as a general result, which we may perhaps
dignify by calling it a general rule, that whether a con-
tract under consideration is within or without the stat-
ute (i. e., whether the cause of action is for goods sold
and delivered or something else, as work and labor),
depends upon the *particular nature of the individual
contract* under consideration. If the subject-matter or
purpose of the contract is that a chattel is ultimately to
be transferred by one party to the other, then it is a case
of goods sold and delivered, and therefore within the
statute, even though work and labor is to be expended

on the article to put it in final condition for transfer and acceptance.

Applying the rule thus adopted in this State, we do not think it can be said that the thing to be ultimately transferred by this contract was a *chattel*. It was to be a monument *set up* in the cemetery on the lot designated by defendants. Defendants say there is no evidence that it was on a foundation embedded in the earth, but the evidence is that it was to be on a foundation four feet deep and extending three or four inches out from the base, and that it was "set up" on the lot designated in a good substantial and workmanlike manner. Furthermore the photographs of the same, as it appears on the lot, show a monument of such size and dimensions that it could only be set up on a foundation deeply embedded in the earth and firmly attached to the soil, so that the thing bargained for was a structure or memorial to be cut out of stone in the rough, suitably inscribed and firmly attached to the realty. The thing ultimately to be transferred could not in any view come within the purview of a chattel or under the head of "goods, wares and merchandise" mentioned in the statute, though perhaps, if the contract had been *merely* for the purchase and *delivery* of the granite stone at the warehouse, it might have been within the statute.

The Missouri cases hereinabove cited were where the contract when carried out *resulted in the sale of a chattel,* and illustrate that side of the rule stated in Lee v. Griffin; and a recitation of the facts, such for example as on p. 88 of the Miller case in 109 Mo., is not to be regarded, as some authorities seem to think, as placing the case upon a narrower basis than the rule which the court expressly approves. We are of the opinion that the contract herein is not within the statute and that the ruling of the trial court on that feature of the case should be upheld.

The contention that the court erred in not defining the word "substantially" is not maintainable. It is a word of common use and well understood. [Deather-

age Lumber Co. v. Snyder, 65 Mo. App. 568, 577.]  Besides, defendants used the same word without definition in their instructions and it is hard to see how they can now claim error on that account.

The judgment is affirmed.  All concur.