

# THE ATTORNEY GENERAL
## OF TEXAS

August 4, 1989

JIM MATTOX
ATTORNEY GENERAL

Clinton DeWolfe, O.D.          Opinion No. JM-1081
Chairman
Texas Optometry Board         Re:    Whether the Texas Optometry
P. O. Box 988                 Act prohibits an optician from
Blanco, Texas    78606        giving another  free  pair   of
                              spectacles, eyeglasses or contact
                              lenses to a person who  purchases
                              a first pair  (RQ-1667)

Dear Dr. DeWolfe:

You inform us that opticians and national  laboratories have recently offered a free  pair of eyeglasses or  contact lenses to purchasers of a  first pair of glasses or  contact lenses.  You ask whether these "buy-one, get-one-free" sales violate section 5.06 of the Texas Optometry Act and a  board rule based  on  that  section.   Section  5.06  provides  as follows:

> It shall  be unlawful  for any  person  in this state  to give,  or cause  to be  given, deliver, or  cause to  be delivered,  in  any manner whatsoever,  any  spectacles  or  eye- glasses, separate  or  together, as  a  prize or premium,  or  as  an  inducement  to  sell any book, paper,  magazine  or  any  work  of literature or art, or <u>any item of merchandise whatsoever</u>.  (Emphasis added.)

V.T.C.S. art. 4552-5.06.  A  person who violates any  provi- sion of the Texas Optometry  Act is guilty of a  misdemeanor punishable by a  fine, confinement  in the  county jail,  or both.   V.T.C.S. art. 4552-5.19.

An Optometry  Board rule  provides that  "no person  in this state shall give . . . any contact lenses as a prize or premium, or  as  an  inducement to  sell  any  book,  paper, magazine, or any work of literature  or art, or any item  of merchandise whatsoever."  22 T.A.C. § 273.3.  The rule  does not state that it  is unlawful to give  contact lenses as  a premium to sell an item of merchandise.

You ask whether section 5.06 and board rule 273.3 prohibit giving a second pair of spectacles, eyeglasses, or contact lenses to a person who purchases a first pair.    If we conclude that this practice is prohibited, you ask whether it would also prohibit a gift of free frames or free lenses as an inducement  to sell eyeglasses,  and a sale  of eyeglasses, frames,  or  lenses  for  one  cent  or  another insignificant amount.

Article 4552-1.02, V.T.C.S., provides in part:

> The 'practice of optometry' is defined  to be the employment of objective or  subjective means . . . for the  purpose of  ascertaining and measuring  the powers  of vision  of  the human eye, and  fitting lenses  or prisms  to correct or  remedy  any  defect  or  abnormal condition of vision. . . .

V.T.C.S. art. 4552-1.02(1).

A "dispensing optician"  or "opthalmic  dispenser"  is defined as  "a  person not  licensed  as an  optometrist  or physician who sells or  delivers to the consumer  fabricated and finished spectacle  lenses, frames,  contact lenses,  or other opthalmic  devices  prescribed by  an  optometrist  or physician."  V.T.C.S. art. 4552-1.02(5).  See V.T.C.S.  art. 4552-1.02(3)(A) (ophthalmic dispenser is not prohibited from making facial measurements to  dispense or adapt  ophthalmic prescriptions or  lenses,  products and  accessories).  See also Williamson v.  Lee Optical of  Oklahoma, 348 U.S.  483, 486 (1955) (an optician is  qualified to grind lenses,  fill prescriptions, and fit frames).

A "two-for-one"  sale  of eyeglasses  by  a  dispensing optician may merely be a pricing policy which gives a volume discount.  We will not, however, deal with your question  in terms of pricing  policies that  may be  adopted by  persons who sell prescription glasses.  Instead,  we will  consider whether a pair of spectacles, eyeglasses, or contact  lenses is an "item of merchandise" within section 5.06 of the act.

Article 4552 does  not define  the term  "merchandise," but it uses this  word in other  provisions.  When the  same word is used more than once  in a statute, it will be  given the same meaning,  unless a different  intent is  indicated. Brown v. Darden, 50 S.W.2d 261 (Tex. 1932).

Article 4552-5.17, V.T.C.S., provides in part:

> Nothing in this Act shall be construed  to apply  to  persons  who  sell   ready-to-wear spectacles and eyeglasses <u>as merchandise  at retail</u> . . . .   (Emphasis added.)

V.T.C.S. art. 4552-5.17.  The definition of the "practice of optometry" includes a similar provision on selling ready-to-wear spectacles or eyeglasses as merchandise.  V.T.C.S. art. 4552-1.02(1).

These provisions  apply to  the sale  of  mass-produced items like non-prescription  sunglasses and eyeglasses  that are essentially magnifying glasses in a frame.  These  items are not  custom-made  to correct the  wearer's defects  in vision and no special order is necessary to buy them.[1]

"Merchandise" has been  broadly defined  as "all  goods which merchants usually buy  and sell, whether at  wholesale or retail; wares and commodities such as are ordinarily  the objects of trade and commerce."  Black's Law Dictionary  890 (5th ed. 1979); <u>see also</u> <u>Hein v. O'Connor</u>, 15 S.W. 414 (Tex. Ct. App. 1891).   A "merchant"  is a  "person who  purchases goods at  wholesale  for  resale at  retail."  Black's  Law Dictionary, <u>supra</u>.

"Merchandise" has also  been defined  more narrowly  to exclude an  item which  was specially  prepared or  modified according to  the  purchaser's specifications.   A  Missouri court has  held that  a contract  to prepare  and set  up  a monument in a cemetery  was a contract for  labor and not  a contract for  "goods,  wares, and  merchandise"  within  the state's statute  of  frauds.  <u>Carrollton  Monument  Co.  v. Geary</u>, 240 S.W. 506 (Mo. Ct. App. 1922).

_____

1.   A prior version of  section 5.06 describes in  some detail the sale of eyeglasses  as merchandise.  A 1925  bill amending the statute  regulating optometrists provided  that "[p]ersons who sell spectacles  and eye-glasses as  merchandise" meant  "merchants who  do not  practice optometry,  or offer to  practice optometry,  but  who sell  spectacles  or eye-glasses as merchandise, after they have been selected by their customers  alone without  the  aid from  the  merchant . . . other than the  particular and complete and  ready-to-wear spectacles or eye-glasses  selected by the customer  in person from trays  or other  containers. . . ."  Acts. 1925, 39th Leg., ch. 31, § 13-c, at 151.

Texas courts have also recognized this distinction in defining "merchandise" under the Bulk Sales Law, which applies to the sale in bulk of a stock of merchandise, or merchandise and fixtures pertaining to conducting said business otherwise than in the ordinary course of trade.[2] Hobart MFG. Co. v. Joyce & Mitchell, 4 S.W.2d 185, 187 (Tex. Civ. App. - Fort Worth 1928, no writ). In Axtell Co. v. Word, 29 S.W.2d 421 (Tex. Civ. App. - Austin 1930, no writ), the court stated that Texas courts have construed the Bulk Sales Act as not applying to "stock on hand used as incidental to or in connection with labor or mechanical skill." The court further stated as follows:

> The words, 'stock of merchandise,' as used in the statute have been uniformly construed by our courts to be used in the common and ordinary acceptation of those terms, and to mean the goods, wares, or chattels which a merchant holds for sale at retail for profit, and which are constantly going out of the store . . . and being replaced by other goods without any appreciable change of character by the labor or mechanical skill of purchaser [i.e., of the person who purchased the goods for resale].

29 S.W.2d 421.

Thus "merchandise" in some statutes does not include items which must be changed and adapted to the customer's individual requirements. We believe that the Texas Optometry Act uses "merchandise" in this sense. In section 5.17, "ready-to-wear spectacles and eyeglasses" sold "as merchandise at retail" are mass-produced goods not adapted to the customer's vision. This language does not include eyeglasses and spectacles that may only be sold on a prescription. The same definition of "merchandise" also applies to the prohibition in article 4552-5.06, V.T.C.S., against giving away eyeglasses as an inducement to sell a

---

2.   The Bulk Sales Act has been repealed and replaced by the Uniform Commercial Code -- Bulk Transfers, Bus. & Com. Code ch. 6. We have cited cases which construe the Bulk Sales Law to illustrate a possible definition of "merchandise." We express no opinion on whether the frames and lenses which a dispensing optician adapts in accordance with written prescriptions would be "merchandise" within the Bulk Transfers provisions.

book, paper, magazine, work of literature or art, "or any item of merchandise." Article 4552-5.06 does not prohibit a dispensing optician or ophthalmic dispenser from giving away a second pair of prescription eyeglasses as a means of motivating people to have him fill the prescription for the first pair.

Two other provisions of the Texas Optometry Act show that a "mercantile establishment" does not include the business premises of a dispensing optician. Article 4552-5.14 regulates the business practices of an optometrist "who leases space from and practices optometry on the premises of a mercantile establishment." V.T.C.S. art. 4552-5.14(a). See generally Attorney General Opinion O-1588 (1939) (practice by optometrists in jewelry stores). It requires the leased space to be separated from space used by other occupants of the premises and prohibits operation of the optometrist's practice as a department of the mercantile establishment. V.T.C.S. art. 4552-5.14(d)-(g).

Article 4552-5.15, V.T.C.S., governs the business relationships of optometrists with dispensing opticians. It permits a dispensing optician to lease space to an optometrist. It also provides for complete separation between the premises of an optometrist and a dispensing optician if both occupy space in the same building. See Attorney General Opinion MW-292 (1981).

Both provisions deal with the leasing of premises and with separating an optometrist's business from other types of business conducted in the same building. The legislature's adoption of separate provisions to govern the optometrist's relationship to "mercantile establishments" and to "dispensing opticians" indicates that a dispensing optician does not operate a "mercantile establishment." These provisions carry out and support the distinction between "merchandise" and prescription glasses and contact lenses which we have found in article 4552-5.06, V.T.C.S.

Moreover, this situation appears to be an appropriate case for applying the maxim of ejusdem generis. Where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words. Employees' Casualty Co. v. Stewart Abstract Co., 17 S.W.2d 781 (Tex. Comm'n App. 1929).

The first version of article 4552-5.06 was adopted in 1925. Acts 1925, 39th Leg., ch. 31, at 149. We are unaware of any history evidencing the legislature's intent in adopting this provision, although its language suggests that

it was directed at a practice of giving away eyeglasses with the purchase of reading material.  It is however  reasonable to assume  that the  legislature adopted  this provision  to protect members of the public from receiving eyeglasses with lenses that would not correct their defects in vision.   The provision of two pairs of prescription glasses for the price of one does not violate this policy.

Since we  have concluded  that "buy-one,  get-one-free" sales do not  violate article 4552-5.06,  V.T.C.S., we  need not answer your other questions,  which are contingent on  a contrary determination.

### S U M M A R Y

The Texas Optometry Act does not  prohibit a dispensing optician  or an ophthalmic  dispenser from  giving  a second  free  pair  of prescription spectacles, eyeglasses, or  contact lenses to a person who purchases a first pair.   Article  4552-5.06,  V.T.C.S.,  which prohibits any person  from giving  spectacles or eyeglasses as an  inducement to sell  "any book, paper, magazine, or any work of literature or  art, or  any item  of  merchandise," does  not  prohibit  "buy-one,  get-one-free" sales of  prescription glasses  by dispensing opticians or ophthalmic dispensers.

Very truly yours

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General